Frank Jimmy SNIDER, Jr., Appellant,

v.

W. Frank SMYTH, Jr., Superintendent of the Virginia State Penitentiary, Appellee.

No. 7771.

United States Court of Appeals Fourth Circuit.

Argued Jan. 12, 1959.

Decided Jan. 23, 1959.

T. W. Messick, Roanoke, Va. (Harvey S. Lutins, Morton Honeyman, and Stuart A. Barbour, Jr., Roanoke, Va., on brief), for appellant.

C. F. Hicks, Asst. Atty. Gen., Virginia (A. S. Harrison, Jr., Atty. Gen., Virginia, on brief), for appellee.

Before SOBELOFF, Chief Judge, HAYNSWORTH, Circuit Judge, and BOREMAN, District Judge.

PER CURIAM.

The appellant, Frank Jimmy Snider, Jr., is in the death house of the Virginia State Penitentiary under sentence of death for rape. He has exhausted the state legal remedies. From an order of the United States District Court for the Eastern District of Virginia discharging a writ of habeas corpus, after a hearing, the case has been brought here on appeal.

It is manifest that the basic factual issue in this case has not been sufficiently explored. The claim is that the appellant has been denied due process of law in that, although he was insane at the time of the commission of the offense and endeavored to have the defense raised, neither the attorneys employed for him by his father, nor his court-appointed attorneys have heretofore properly raised the issue or presented the facts in any of the lengthy legal proceedings. In the circumstances of this case the claimed denial of due process through the attorneys' action or inaction is intertwined with the state of the appellant's mental condition. Before undertaking to pass on the legal issue raised, we think that the actual facts as to the mental condition of the appellant should be ascertained.

The hearing in the District Court did provide the appellant's present lawyer with the opportunity he was seeking, to offer pertinent evidence of the client's mental condition; but the opportunity went unrecognized. To the end that full justice may be done in this case of utmost gravity, we are of the opinion that the case should be remanded. Without passing on the District Court's action in dismissing the writ of habeas corpus on the record before it, the case will be remanded with directions to arrange for a mental examination, preferably with the cooperation of the Commonwealth of Virginia in a state hospital, to determine the appellant's mental condition at the time of the offense charged, if possible, and now. With the report of such exam-

ination before it, the District Court may take such action upon the writ as may be appropriate.

Remanded to the District Court for further proceedings.