## Staunton

ROBERT EDWARD CABANISS v. W. K. CUNNINGHAM, JR., SUPERIN-
TENDENT OF THE VIRGINIA STATE PENITENTIARY, ETC.

September 10, 1965.

Record No. 6005.

Present, All the Justices.

*Victor W. Lavenstein* (*Lavenstein & Lavenstein,* on brief), for
the plaintiff in error.

*Reno S. Harp, III, Assistant Attorney General (Robert Y. Button,
Attorney General,* on brief), for the defendant in error.

SPRATLEY, J., delivered the opinion of the court.

This is an appeal by Robert Edward Cabaniss from an order of the
Circuit Court of Prince George County, entered on December 6,

1963, denying and dismissing his petition for a writ of *habeas corpus*, by which he sought release from a sentence of ten years imposed by the Circuit Court of Prince George County on January 7, 1963 (Holladay, J., presiding) for rape.

Cabaniss filed his *habeas corpus* petition *pro se*, which was prepared by a fellow inmate of the Virginia State Penitentiary. He alleged that upon his conviction, he informed the court that he desired to appeal, and requested a transcript of the evidence, that the court refused to appoint counsel for an appeal, and did not furnish him with the transcript, thereby denying him due process of law and equal protection in violation of the Constitution of the United States. He further alleged that he did not have the effective assistance of counsel at his trial.

A hearing was held on October 28, 1963, in the Circuit Court of Prince George County on the above allegations, at which Cabaniss was represented by his present counsel. [Appellant testified, as did the attorney who had defended him on his trial for rape, Judge Holladay, who presided at that trial, the Commonwealth's Attorney who prosecuted him, and the clerk of the court.]

From the testimony, court records and exhibits filed, these facts appear:

Cabaniss was indicted for rape by a grand jury of the Circuit Court of Prince George County on March 20, 1962. On that day, he advised the court that he was an indigent and unable to employ counsel. Thereupon, the court appointed C. Hardaway Marks, an attorney who had been engaged in active practice for ten or more years, to defend him.

Cabaniss waived trial by jury, and, with the consent of the Commonwealth's Attorney entered of record, he was tried on April 26, 1962. He did not testify. Motions to strike the evidence, made after the presentation of the Commonwealth's evidence, and at the close of all the evidence, were overruled. Appellant was found guilty. A motion to set aside the judgment as contrary to the law and the evidence was set to be heard at a later date.

On April 28, 1962, two days after appellant was found guilty, Marks wrote Cabaniss as follows:

"At the present time it is my opinion and the opinion of Mr. Goodman, your wife's attorney, that the case against you was not proven and, therefore, I am shooting for a dismissal or nothing."

On August 4 and 7, 1962, appellant wrote to the trial judge, declaring his innocence, and asked the judge for "correction" of the judgment finding him guilty. On August 9, 1962, the judge wrote to

appellant, advising the latter not to have any further correspondence with him, and informing Cabaniss that his two letters had been filed in the Clerk's Office of Prince George County.

Argument on the motion to set aside the judgment was heard on December 12, 1962, and the motion overruled. Imposition of sentence was continued from time to time until January 7, 1963, and on that day, the court (Holladay, J.) sentenced appellant to ten years in the penitentiary.

On January 8, 1963, the next day, appellant wrote to Frank L. Wyche, Commonwealth's Attorney of Prince George County, and asked that he be furnished with "a copy of my indictment with all other necessary papers to file for my pauper's appeal."

No exception was noted by Marks on behalf of his client to the judgment, and no steps were taken towards perfecting an appeal therefrom.

Cabaniss, an indigent, is a man with a limited education, having never completed the sixth grade in the elementary school system. There is no claim that he ever waived his right to ask for appellate review.

The testimony was taken by a dictaphone; but due to some mechanical defect, it was found difficult to transcribe the evidence accurately.

At the hearing on the petition for *habeas corpus*, five witnesses were heard.

Cabaniss testified at length as to the alleged failure of counsel to render him effective assistance before and during his trial. Upon imposition of sentence, he said he told the trial court, "I want to appeal under pauper's law;" but the court ignored the request. He further said that no action was taken upon his request to the Commonwealth's Attorney for all "necessary papers to file for my pauper's appeal."

Judge Holladay testified that when he imposed sentence on appellant, the latter said: " 'I take an appeal,' or 'I take a pauper's appeal,' or something of that nature."

The Commonwealth's Attorney admitted that he received the letter of January 8th from appellant, and gave it to the clerk of the court to be filed with the papers in the case. He did not recall that he informed appellant that the letter had been received.

Marks testified that he conferred with Cabaniss several times before and at his trial for rape, but never saw or spoke to him again until October 28, 1963, the day of the hearing of this *habeas corpus* proceeding. He did not deny that Cabaniss told him, prior to the trial, that if he was convicted, he would appeal. Notwithstanding his letter

to Cabaniss, after the trial, saying he was then of the opinion "the case against you was not proven," he took no steps towards perfecting an appeal. After sentence had been imposed on appellant, Marks said he had a conversation with Judge Holladay, and told the Judge "that in my own professional opinion, I did not have any grounds for an appeal. * * * And the Judge left me to believe that my duty to my client was over * * *."

The clerk of the court identified the record in the rape case.

There can be little doubt that Cabaniss made a request for an appeal when he made, in open court, the remarks attributed to him by Judge Holladay. While the request was not in the formal and technical language of a legal motion or pleading, it was sufficient to apprise the court and court-appointed counsel that Cabaniss desired to have his conviction reviewed.

At the time of the trial of the rape case, Code § 17-30.1 [1960 Repl. Vol.] provided that, under the circumstances therein recited, the trial court might order the evidence transcribed for an appeal and all costs thereof paid by the Commonwealth. The General Assembly amended this section in 1964, Acts 1964, Chapter 533, now § 17-30.1 [1964 Cum. Supp.] and made mandatory the provision for a transcript of the evidence.

Code, § 19.1-284 provides that with a petition for a writ of error "there shall be a transcript of record of so much of the case" as will enable this Court, if petition be granted, to properly decide the questions involved.

It is well settled that the failure to appoint counsel to assist an indigent defendant in making an appeal from a conviction is a denial of equal protection and due process guaranteed to him under the Federal Constitution and the Virginia Bill of Rights.* *Lane* v. *Brown*, 372 U. S. 477, 481, 9 L. ed. 2d 892, 83 S. Ct. 768 [1963]; *Gideon* v. *Wainwright*, 372 U. S. 335, 339, 344, 9 L. ed. 2d 799, 802, 805, 83 S. Ct. 792, 93 A. L. R. 2d 733 (1963); *Magee* v. *Peyton*, 343 F. 2d 433 [4 Cir. 1965]; *Newsom* v. *Peyton*, 341 F. 2d 904 [4 Cir. 1965]; *Coleman* v. *Peyton*, 340 F. 2d 603 [4 Cir. 1965]; *Morris* v. *Smyth*, 202 Va. 832, 833, 120 S. E. 2d 465, and cases cited.

Cf. *Douglas* v. *California*, 372 U. S. 353, 9 L. ed. 2d 811, 83 S. Ct. 814 (1963).

---

* Subsequent to appellant's trial for rape, the General Assembly of Virginia enacted Code, § 19.1-241.1, 1964 Cum. Supp., Acts 1964, Chapter 657, which provides that:

"Every person charged with the commission of a felony shall be entitled as hereinafter provided to representation by legal counsel at every stage of any proceeding against him based upon such charge held in any court of this State."

It is also settled that the refusal to provide an indigent defendant with a free transcript of the record constitutes a denial of fundamental constitutional rights. *Griffin* v. *Illinois*, 351 U. S. 12, 19, 100 L. ed. 891, 899, 76 S. Ct. 585 [1956]; *Lane* v. *Brown*, *supra*, 372 U. S. 477, 483, 484, 9 L. ed. 2d 892, 897, 83 S. Ct. 768; *Puckett* v. *North Carolina*, 343 F. 2d 452 [4 Cir. 1965].

Cf. *Burns* v. *Ohio*, 360 U. S. 252, 258, 3 L. ed. 2d 1209, 1213, 79 S. Ct. 1164 [1959].

In the above four cases cited from the United States Circuit Court of Appeals for the Fourth District, that Court applied the rulings of the Supreme Court to specific facts somewhat similar to those present in the case now under consideration by us.

In *Newsom* v. *Peyton*, *supra*, 341 F. 2d, page 905, it was held that defendant's personal letters to the trial judge sufficiently indicated his desire to appeal. In *Magee* v. *Peyton*, *supra*, 343 F. 2d, page 435, the court held that letters written after the conviction by the prisoner and his father to the trial judge relating to a new trial should have been construed as a request for the appointment of an attorney to prosecute an appeal.

"Claims of legal substance should not be forfeited because of a failure to state them with technical precision." *Coleman* v. *Peyton*, *supra*, 340 F. 2d 603 [4 Cir. 1965]. Cf. *Brown* v. *Allen*, 344 U. S. 443, 502, 97 L. ed. 469, 73 S. Ct. 397 [1953].

In *Puckett* v. *North Carolina*, *supra*, 343 F. 2d, 452, an indigent defendant was held to have been denied his constitutional right to a free transcript where his counsel failed to advise him of this right.

In *Gideon* v. *Wainwright*, *supra*, 372 U. S. 335, 339, the court said that: "In all criminal prosecutions, the accused shall enjoy the right * * * to have assistance of counsel for his defense." The right to defend includes the right of assistance in perfecting an appeal.

The Attorney General, in his brief, says that: "There can be no doubt in reviewing the record that the petitioner did, in fact, make a request to appeal his case," and that he was "entitled to the transcript in order to appeal."

It makes no difference that court-appointed counsel may think there are no grounds for review. *Lane* v. *Brown*, *supra*, 372 U. S., page 485 [1963].

Nor does it matter whether or not the trial judge may think an appeal to be frivolous. *Draper* v. *State of Washington*, 372 U. S. 487, 499, 9 L. ed. 2d 899, 908, 83 S. Ct. 774 [1963].

The cases above cited are controlling here on the facts recited, and consequently there is no need to consider the allegation of appel-

lant that he did not have the effective aid of counsel on his trial for rape.

The order of December 6, 1963, denying and dismissing appellant's petition for a writ of *habeas corpus* is vacated and the case remanded to the trial court, with the following directions: that it appoint counsel to assist plaintiff in applying for an appeal from his conviction of rape; that it furnish him with a free transcript, or narrative of the evidence, and other necessary papers for an appeal, within sixty days after the appointment of counsel; and that it allow counsel a period of sixty days after the transcript, or narrative has been furnished within which to prepare a petition for the appeal desired; and further, if an accurate transcript of the evidence cannot be obtained for any reason, or a narrative of the testimony be prepared, then plaintiff be granted a new trial upon his indictment for rape, or be released from further custody.

*Reversed and remanded, with directions.*