# Richmond

## James Thacker v. C. C. Peyton, Superintendent of the Virginia State Penitentiary.

January 17, 1966.

Record No. 6059.

Present, All the Justices.

*Robert T. Winston, Jr.*, for the plaintiff in error.

*Reno S. Harp, III, Assistant Attorney General (Robert Y. Button, Attorney General,* on brief), for the defendant in error.

Buchanan, J., delivered the opinion of the court.

A grand jury of Wise county returned four indictments against James Thacker, the appellant, herein called defendant, charging him with first-degree murder, malicious wounding, attempted murder and robbery. The court appointed two experienced attorneys, members of the Wise County Bar, to represent him, and after conferring with them the defendant entered pleas of not guilty to the indictments

and waived trial by jury. The court heard the evidence, found the defendant guilty on each charge, and on April 24, 1962, sentenced him to life imprisonment on the murder charge and to terms in the penitentiary on the other charges totaling thirty years, ten thereof on the robbery charge to run concurrently with the life term.

On November 18, 1963, defendant filed a petition for *habeas corpus* in the Law and Equity Court of the City of Richmond, which issued the writ returnable to the Circuit Court of Wise County. Code § 8-598. The latter court appointed Robert T. Winston, an experienced member of the Wise County Bar, to represent the defendant and he has diligently performed that duty in the trial court and in this court. After hearing the testimony of the defendant and other witnesses the court, for reasons stated in a written opinion, denied and dismissed the writ, remanded the defendant to the penitentiary, and defendant has appealed.

Defendant's petition for *habeas corpus* was prepared by a fellow inmate in the penitentiary, sometimes referred to by the prisoners as "writ-writer," and asserted that the defendant had been denied his constitutional rights on the now familiar grounds, including lack of counsel at his preliminary hearing, failure to summon a witness, denial of a jury trial, mistreatment by officers, ineffective assistance of counsel and conferences by the court and counsel out of his presence. The evidence clearly established that there was no substance to any of these allegations.

However, defendant was allowed to amend his petition to charge that no reporter was provided to take the evidence at his trial, with the result that there was no transcript of the testimony and he was deprived of his right to take an appeal. His only contention of any substance on the present appeal is that he was denied the right of appeal.

Defendant testified that he did not tell the trial judge* after his trial was over that he wanted to appeal because he was not permitted to tell the judge in person, but that he told Mr. Shannon, one of his attorneys, before leaving the courtroom that he wanted to appeal. Mr. Shannon testified that he did not recall whether defendant told him that or not, but that he did get several letters from the defendant. There were four of these letters and they were introduced in evidence. They were dated respectively April 27, May 2, May 21 and May 27, 1962. All of them stated that defendant wanted to appeal

---

* Judge Long, who disqualified himself on the hearing of this *habeas corpus* petition.

and urged Mr. Shannon to apply for an appeal and get him a new trial.

Mr. Shannon replied in a letter dated May 31, 1962, that "neither I nor your mother think you could have anything at all to gain by a new trial, and you should work toward a parole." Mr. Shannon testified: "I thought there was no error in it or any grounds for appeal. In other words, I thought I had given it at least the best attention I was capable of. I didn't consider the Court had made any errors in ruling prejudicial to the defendant. I had nothing to appeal for."

In the recent case of *Cabaniss* v. *Cunningham*, decided September 10, 1965, 206 Va. 330, 143 S.E. 2d 911, Mr. Justice Spratley for the court pointed to the holdings of the United States Supreme Court that an indigent defendant has a constitutional right to have a free transcript of the record of his trial, and to have the assistance of counsel for his defense. "The right to defend," we said, "includes the right of assistance in perfecting an appeal."

There were cited also the holdings of the Supreme Court that it makes no difference that court-appointed counsel may think there are no grounds for review, or that the trial judge may think an appeal to be frivolous. The holdings of that court on Federal constitutional questions are, of course, binding on all State courts. *Brown* v. *City of Richmond*, 204 Va. 471, 476, 132 S.E. 2d 495, 498.

In *Douglas* v. *California*, 372 U.S. 353, 83 S. Ct. 814, 9 L. ed. 2d 811, two defendants were jointly tried and convicted on felony charges. They appealed as of right to the California District Court of Appeal. That court, acting in accordance with a California rule of criminal procedure, denied defendants' requests for the assistance of counsel on the appeal, stating that it had gone through the record and had come to the conclusion that no good whatever could be served by appointment of counsel. The Court of Appeal affirmed their conviction and the State Supreme Court denied their petition for further discretionary review. The Federal Supreme Court reversed, saying: "But where the merits of the one and only appeal an indigent has as of right are decided without benefit of counsel, we think an unconstitutional line has been drawn between rich and poor."

In *Draper* v. *State of Washington*, 372 U.S. 487, 83 S. Ct. 774, 9 L. ed. 2d 899, cited in *Cabaniss, supra*, it was held that in all cases "the State must provide the indigent defendant with means of presenting his contentions to the appellate court which are as good as those

available to a nonindigent defendant with similiar contentions."

But it was also said in that case that a State "need not purchase a stenographer's transcript in every case where a defendant cannot buy it. * * Alternative methods of reporting trial proceedings are permissible if they place before the appellate court an equivalent report of the events at trial from which the appellant's contentions arise."

In *Newsom v. Peyton*, 4 Cir., 341 F. 2d 904, Newsom had been convicted of murder and sentenced to imprisonment in the Virginia penitentiary. After procedures set out in a *per curiam* opinion, Newsom filed a petition for *habeas corpus* in the Federal District Court which was denied, but the Court of Appeals was of the view that Newsom's letters to the trial judge sufficiently indicated his desire to appeal and to have counsel as an indigent. The case was remanded to the District Court with directions to retain it for a reasonable time to permit an application for appeal to this court and if this court would not hear the appeal and a retrial was unavailable, "then the District Court should order Newsom's release."

For the reasons thus appearing we vacate the order of May 4, 1964, appealed from, and remand the case to the trial court with direction to appoint counsel for the defendant, who shall work with the Commonwealth's attorney and prepare a narrative statement of the evidence introduced at the trial of the defendant and submit it for approval and certification by the trial court within a reasonable time, not exceeding sixty days after appointment of counsel. Upon certification of the narrative of the evidence defendant's counsel shall be furnished a copy thereof and of any other relevant parts of the record, and counsel shall then prepare and present a petition for appeal to this court, or to one of its judges, as provided by law, within sixty days after the evidence is so certified.

If these procedures cannot be complied with, then defendant shall be granted a new trial.

*Reversed and remanded.*