# Richmond

### ROBERT LEE CLARK v. C. C. PEYTON, SUPERINTENDENT OF THE VIRGINIA STATE PENITENTIARY.

October 10, 1966.

Record No. 6304.

Present, All the Justices.

*Charles H. Osterhoudt* for the plaintiff in error.

*Reno S. Harp, III, Assistant Attorney General (Robert Y. Button, Attorney General,* on brief), for the defendant in error.

EGGLESTON, C. J., delivered the opinion of the court.

This is an appeal from a judgment of the Hustings Court of the City of Roanoke denying and dismissing a petition for a writ of habeas corpus filed by Robert Lee Clark in which he attacked the validity of a judgment of the same court entered on June 13, 1963,

convicting him of attempted extortion and sentencing him to a term of ten years in the State Penitentiary. The court appointed Charles H. Osterhoudt, an experienced member of the bar, to represent the petitioner in the prosecution of his petition for a writ of habeas corpus and this appeal.

The petition for a writ of habeas corpus attacked the validity of the judgment of conviction upon a number of grounds, but in the view we take of the matter we need consider only the allegation that the petitioner was denied the constitutional right of appeal.

The petitioner was arrested on the evening of December 5, 1962, upon the complaint of Charles E. Henderson, for attempted extortion. At a preliminary hearing, where he was represented by counsel of his own choosing, he was held for the grand jury. In February, 1963 he was committed to the Southwestern State Hospital for observation as to his mental condition. He remained there until the following April when he was returned to the city of Roanoke for trial. At the May, 1963 term of court, he was indicted for attempted extortion in violation of Code [Repl. Vol. 1960], § 18.1-184. Being an indigent, K. A. Pate, a competent and experienced member of the Roanoke bar, was appointed to defend him. Upon a plea of not guilty he was tried by a jury, found guilty, and his punishment fixed at confinement in the penitentiary for a term of ten years. Judgment was entered on the verdict on June 13. On June 14 he was committed to the State Penitentiary where he is now being detained.

In the habeas corpus proceeding Clark testified that immediately after the verdict was announced he protested to Pate, his court-appointed counsel, the insufficiency of the evidence and asked the attorney "to get me a new trial," and that Pate replied, "I can't get you a new trial now." He further testified that at the same time he asked Pate "about an appeal," that Pate replied that "it cost too much" and that he (Clark) had told Pate that he didn't have "that kind of money."

Again, Clark testified that "immediately after the trial" and the day before he was sent to the State Penitentiary he wrote the presiding judge and "noted an appeal" or "requested an appeal," but received no reply to that letter. This testimony is undenied.

Pate testified that as soon as the trial was over and "within that time given for taking the appeal," he discussed the matter of an appeal with Clark and told him about the procedure. He told Clark that it would be necessary for him to procure counsel to perfect an appeal and that he (Pate) could not represent him on the appeal un-

less his fee was paid. Moreover, Pate testified that he was of opinion that Clarke had had a fair and impartial trial and had no grounds for an appeal.

After Clark had been taken to the State Penitentiary on June 14, 1963, he wrote Pate several letters about taking an appeal on his behalf. But this was not done. Finally, Pate wrote Clark declining to represent him further.

On June 23 Clark wrote a letter to the clerk of the trial court saying that when the verdict of the jury was announced, "I told my lawyer to note an appeal." In the same letter he said, "I hereby note an appeal," and asked the clerk to acknowledge "receipt of this notice of appeal." Again, on August 27, Clark wrote the clerk stating that he was "an indigent" and asking that he be furnished the records of the trial wherein he had been convicted. So far as the record shows these requests were not complied with nor brought to the attention of the trial court.

In the recent case of *Cabaniss* v. *Cunningham*, 206 Va. 330, 143 S. E. 2d 911, we held that an indigent defendant has the constitutional right to the assistance of counsel for his defense and that "[t]he right to defend includes the right of assistance in perfecting an appeal." 206 Va. at 334, 143 S. E. 2d at 914. We further pointed out in that case that the fact that court-appointed counsel and the trial judge may think that there are no grounds for review does not justify a refusal to grant the defendant's request for a review of his conviction. 206 Va. at 334, 143 S.E. 2d at 914. We adhered to these stated principles in *Thacker* v. *Peyton*, 206 Va. 771, 773, 146 S. E. 2d 176, 177, 178; *Stokes* v. *Peyton*, 207 Va. 1, 5, 6, 147 S.E. 2d 773, 776; *Russell v. Peyton*, 207 Va. 469, 472, 150 S. E. 2d 530, 532, decided today.

Clearly, we think that under the stated circumstances of the present case the petitioner was denied the constitutional right to apply for an appeal from his judgment of conviction. The undisputed evidence is that shortly after the trial he notified his court-appointed counsel, the clerk of the court, and the trial judge of his desire to take an appeal. This was within the time provided by the statutes and Rules of Court for perfecting an appeal. Yet no steps were taken to do so.

When court-appointed counsel was told by the defendant of his wish to take an appeal and of his lack of funds for that purpose, counsel should have told him of his right to appeal in forma pauperis and at the expense of the Commonwealth. He should have brought to the attention of the trial court that the defendant desired to appeal.

If, as counsel says, he was of opinion that there were no adequate grounds for an appeal, he should have promptly so notified the trial court and asked that he be relieved of the obligation to continue the representation of the defendant. In such circumstances the trial court should have appointed a competent attorney to represent the defendant and prosecute an appeal in his behalf. *Stokes* v. *Peyton, supra,* 207 Va. at 6, 147 S. E. 2d at 776.

For these reasons we vacate the order of March 1, 1965 dismissing the petition for a writ of habeas corpus and remand the case to the trial court with direction to appoint counsel for the petitioner defendant, who shall work with the Commonwealth's attorney and prepare a narrative statement of the evidence introduced at the trial of the defendant and submit it for approval and certification by the trial court within a reasonable time, not exceeding sixty days after appointment of counsel. Upon certification of the narrative of the evidence the defendant's counsel shall be furnished a copy thereof and of any other relevant parts of the record, and counsel shall then prepare and present a petition for appeal to this court, or to one of its judges, as provided by law, within sixty days after the evidence is so certified.

If a proper record cannot be prepared, then the petitioner defendant shall be promptly granted a new trial or released from custody. *Thacker* v. *Peyton, supra,* 206 Va. at 774, 146 S. E. 2d at 178; *Stokes* v. *Peyton, supra,* 207 Va. at 6, 147 S. E. 2d at 777.

*Reversed and remanded.*