## Richmond

BILLY JUNIOUS RUSSELL v. C. C. PEYTON, SUPERINTENDENT OF THE VIRGINIA STATE PENITENTIARY.

October 10, 1966.

Record No. 6259.

Present, All the Justices.

*David S. Antrobius* for the plaintiff in error.

*Reno S. Harp, III, Assistant Attorney General (Robert Y. Button, Attorney General,* on brief), for the defendant in error.

I'ANSON, J., delivered the opinion of the court.

This is an appeal by Billy Junious Russell from a judgment of the Circuit Court of Nelson County, Virginia, entered on March 23, 1964, denying and dismissing his petition for a writ of habeas corpus *ad subjiciendum*, whereby he sought release from the sentence of life imprisonment imposed upon him by the same court on March 1, 1961, for murder.

Petitioner contends (1) that he did not have effective assistance of counsel when he was tried and convicted of murder, and (2) that he was thereafter denied his right to appeal.

The evidence, court records and exhibits show the following: Russell was indicted by a grand jury in the Circuit Court of Nelson County on January 23, 1961, for the murder of Alfonzo William Patterson, and, he being without funds to employ an attorney of his own choosing, the trial court on the day the indictment was returned appointed Robert L. Marshall, a member of the bar for more than thirty years, to represent him. When the case came on for trial, on March 1, 1961, Russell entered a plea of not guilty to the charge, was found guilty by a jury of murder in the first degree, and was sentenced in accordance with the jury's verdict to serve a term of life imprisonment in the State penitentiary.

Russell testified in his habeas corpus proceeding that immediately after he was sentenced he asked his court-appointed attorney about taking an appeal and was told that he could not appeal because he did not have the money to make up the record. He was not advised that he could appeal *in forma pauperis,* and he did not learn of this right until some months later.

Mr. Marshall testified that immediately after his appointment he fully advised Russell as to the charge and informed him of his rights; that he interviewed his client on several occasions before trial; that he obtained from Russell the names of witnesses; and that after securing from the Commonwealth's attorney a copy of Russell's confession, he went over it with his client.

Mr. Marshall said, with reference to Russell's testimony concerning an appeal, "It's very possible that I did say something to him [Russell] about not having money to prepare the record. I say it's possible, because he seemed stunned when I told him that there was nothing else that could be done. He seemed just like the world had fallen on him, shocked, and went right back to that appeal." Mr. Marshall did not take any action toward applying for an appeal, nor did he advise the court that Russell wanted to appeal.

Russell first contends that he was not provided with effective representation at his trial for murder in that his counsel was aware that he (Russell) had consumed a large amount of alcohol on the day the homicide occurred but failed to request the court to instruct the jury that drunkenness could reduce the degree of the crime charged.

It must be remembered that effective counsel is not synonymous with successful counsel, and effective representation need not necessarily result in an acquittal. *Peyton* v. *Fields*, 207 Va. 40, 44, 147 S. E. 2d 762, 765-766; *Mitchell* v. *United States*, 104 U. S. App. D. C. 57, 259 F. 2d 787, 789 (D. C. Cir.), cert. denied 358 U. S. 850, 79 S. Ct. 81, 3 L. ed. 2d 86 (1958). It is uniformly held that ordinarily mistakes of judgment or trial tactics by defense counsel do not deprive the defendant of constitutional rights and are not reviewable in a habeas corpus proceeding. *Hoffler* v. *Peyton*, 207 Va. 302, 309, 149 S. E. 2d 893, 897 (Sept. 9, 1966); *Tompa* v. *Commonwealth of Virginia*, 331 F. 2d 552, 554 (4th Cir. 1964); *Rivera* v. *United States*, 318 F. 2d 606, 608 (9th Cir. 1963); 21 Am. Jur. 2d, Criminal Law, § 319, p. 348; Note, "Effective Assistance of Counsel," 49 Va. L. Rev. 1531, 1536, 1537 (1963). For assistance of counsel to be constitutionally ineffective, it must be shown that the representation is so lacking in diligence and competence that the accused is without representation and the trial is reduced to a sham. *Peyton* v. *Fields, supra,* 207 Va. at p. 45, 147 S. E. 2d at p. 766; *Yates* v. *Peyton*, 207 Va. 91, 98, 147 S. E. 2d 767, 772 (1966). Compare *Webb* v. *Peyton*, 345 F. 2d 521 (4th Cir. 1965); *Snider* v. *Smyth*, 263 F. 2d 372 (4th Cir. 1959), where the issues not raised at trial were deemed so crucial to the defense as to amount to a denial of a fair trial.

Russell does not question the qualifications of his court-appointed counsel, nor does he question the adequacy of counsel's preparation for trial. He says that the failure to offer an instruction on intoxication amounted to ineffective representation by counsel. Even if we assume that such an instruction should have been requested, when we consider the apparent thoroughness with which counsel conducted the preparation and presentation of the defense, we conclude that the failure to offer an instruction on intoxication was a matter of judgment or trial tactics which did not deprive Russell of his constitutional rights to effective representation by counsel and a fair trial on the merits of the case. Compare *Lunce* v. *Overlade*, 244 F. 2d 108 (7th Cir. 1957), 74 A. L. R. 2d 1384, where failure of counsel to offer an instruction on intoxication was but one of the circumstances on

which the court concluded that petitioner had not been provided effective assistance at trial.

■ We agree, however, with Russell's contention that he was denied the right to appeal. Our holdings in *Cabaniss* v. *Cunningham*, 206 Va. 330, 143 S. E. 2d 911 (1965); *Thacker* v. *Peyton*, 206 Va. 771, 146 S. E. 2d 176 (1966); and *Stokes* v. *Peyton*, 207 Va. 1, 147 S. E. 2d 773 (1966), control this question. See also, *Clark* v. *Peyton*, 207 Va. 444, 150 S. E. 2d 533, this day decided.

In *Cabaniss* v. *Cunningham, supra*, 206 Va. at p. 334, 143 S. E. 2d at p. 914, Justice Spratley, speaking for the court, pointed to the holdings of the United States Supreme Court that an indigent defendant has a constitutional right to a free transcript of the record of his trial and to have the assistance of counsel in perfecting an appeal from his conviction. There he said, "The right to defend includes the right of assistance in perfecting an appeal."

In *Thacker* v. *Peyton, supra*, 206 Va. at pp. 772, 773, 146 S. E. 2d at p. 177, although Thacker did not notify the trial court that he wanted to appeal, he did advise one of his court-appointed attorneys immediately after his trial and later wrote him several letters to that effect. His attorney advised him that in his opinion no error had been committed in the trial and there was nothing to gain from an appeal. In reversing the judgment of the court below dismissing Thacker's petition for a writ of habeas corpus, we held that even though his court-appointed counsel did not think there were grounds for review, he had been denied his federal constitutional right of assistance of counsel in perfecting an application for an appeal.

In *Puckett* v. *North Carolina*, 343 F. 2d 452 (4th Cir. 1965), cited in *Cabaniss* v. *Cunningham, supra*, the Court said that when an indigent has indicated to his counsel his desire to appeal, the failure of counsel to advise him of his constitutional right to a free transcript deprives him of his right to effective assistance of counsel in applying for an appeal.

Respondent, Peyton, concedes that Russell did raise the question of appealing his conviction, but he argues that there "was merely a discussion of the possibilities of an appeal," and that Russell "did not make a specific demand of his attorney to appeal the case." Thus the narrow issue before us is whether the conversation between Russell and his court-appointed attorney constituted a request for an appeal.

We cannot agree with the argument of the respondent that Russell had to make a specific demand of counsel for an appeal. It may be

reasonably inferred from the evidence here that Russell desired an appeal and that he indicated to counsel that he wanted to appeal. He did not pursue it further because he was incorrectly informed that he could not appeal without funds to prepare the record. An indigent is entitled to an appellate review as adequate as that available to a person with funds to obtain a proper record. Thus under our holding in *Thacker, supra,* Russell was denied his right to appeal.

For these reasons we vacate the order of March 23, 1964, dismissing the petition for a writ of habeas corpus and remand the case to the trial court with direction to appoint counsel for Russell, who shall work with the Commonwealth's attorney and prepare a narrative statement of the evidence introduced at Russell's trial and submit it for approval and certification by the trial court within a reasonable time, not exceeding sixty days after appointment of counsel. Upon certification of the narrative of the evidence Russell's counsel shall be furnished a copy thereof and of any other relevant parts of the record, and counsel shall then prepare and present a petition for appeal to this court, or to one of its judges, as provided by law, within sixty days after the evidence is so certified.

If a proper record cannot be prepared, then Russell shall promptly be granted a new trial or be released from further custody. *Thacker* v. *Peyton, supra,* 206 Va. at p. 774, 146 S. E. 2d at p. 178; *Stokes* v. *Peyton, supra,* 207 Va. at p. 6, 147 S. E. 2d at p. 777.

*Reversed and remanded.*