James Lee SIMS, Petitioner,

v.

James D. COX, Superintendent, Virginia State Penitentiary, Respondent.

Civ. A. No. 70–C–47–H.

United States District Court,
W. D. Virginia,
Harrisonburg Division.

March 5, 1971.

Vann H. Lefcoe, Asst. Atty. Gen., Richmond, Va., for defendant.

OPINION AND JUDGMENT

DALTON, Chief Judge.

The petitioner, James Lee Sims, seeks relief in this court from his alleged illegal detention by the respondent, Superintendent of the Virginia Penal System, pursuant to 28 U.S.C. section 2241. Petitioner was indicted by a grand jury in Rockingham County on December 18, 1967. On February 23, 1968 at his trial before a jury he entered a plea of not guilty. Although assisted by court ap-

pointed counsel, the jury returned a verdict of guilty and he received a sentence of three years. He noted an appeal, but, even though his attorney was instructed to represent Sims during the appeal, the appeal was never perfected. Following his incarceration, his legal attempts to win his release have been somewhat complex and convoluted.

It appears from the record that petitioner applied for and was granted a state court writ of habeas corpus by the Circuit Court of Rockingham County on February 17, 1970 due to the neglect of his previously appointed defense attorney to perfect an appeal from his conviction and sentence in that court on February 23, 1968. Upon the granting of the writ, the circuit court appointed another attorney to assist the petitioner in perfecting a delayed appeal.

However, before making such application to appeal, petitioner, by signed writing, rejected the opportunity thus afforded for a delayed appeal in the state courts and insisted upon his right to a discharge forthwith. Accordingly, the circuit court dismissed the writ of habeas corpus it had originally granted and instructed respondent to continue his detention of the prisoner for the remainder of his sentence. An appeal of the dismissal of the writ was taken to the Virginia Supreme Court of Appeals which found the appeal without merit. Following the adverse decision by the Virginia Supreme Court of Appeals, the prisoner petitioned the United States District Court for the Eastern District of Virginia for federal habeas corpus relief. The petition was transferred to this court by order dated December 29, 1970.

There can be no doubt in this case that the failure of the court appointed counsel to perfect an appeal after having been instructed to do so definitely did deprive the petitioner of his right to appeal and his right to effective assistance of counsel. The conduct of petitioner's court appointed counsel is far from exemplary. As the Fourth Circuit Court of Appeals has explained in Turner v. Maryland, 318 F.2d 852, 854 (4 Cir. 1963).

> Whether a lawyer is employed by a prosperous defendant at a handsome fee or serves an indigent without compensation in the discharge of the duty resting upon him as an officer of the court, the canons of our profession require his "entire devotion to the interest of the client, warm zeal in the maintenance and defense of his rights and the exertion of his utmost learning and ability."

However, the question that is before the court is not whether a violation of Constitutional rights has occurred, but what the proper redress for such an abuse shall be in the present case.

As stated before, the Circuit Court of Rockingham County granted the writ of habeas corpus and afforded the petitioner an opportunity to appeal. Such state remedy certainly would be effective and was clearly available as provided in the Virginia Supreme Court of Appeals decision in Cabaniss v. Cunningham, 206 Va. 330, 143 S.E.2d 911 (1965). In that case, Virginia's highest court instructed the trial court, in circumstances similar to these, to appoint counsel to assist the prisoner in applying for an appeal from his conviction, to furnish him with a free transcript or narrative of the evidence and other necessary papers for appeal, and that it allow counsel sixty days after the transcript had been furnished to prepare a petition for the appeal desired. It further instructed the trial court that if a transcript of the evidence couldn't be obtained or a narrative of the testimony prepared, then the prisoner should be granted a new trial or be released from further custody.

This approach to rectifying the denial of the right to appeal and effective assistance of counsel has been sanctioned by the Fourth Circuit Court of Appeals in Nelson v. Peyton, 415 F.2d 1154 (4 Cir. 1969) where the court stated at page 1156,

\* \* \* Indeed, on this record we conclude that petitioner was denied counsel at a critical stage in the proceeding leading to his incarceration so that in, accordance with current constitutional doctrine, he is entitled to release *unless he is afforded a belated appeal or unless the Commonwealth elects to retry him.* (emphasis added)

The Fourth Circuit further approved the possibility of a belated appeal by the Commonwealth in Nelson v. Peyton, at page 1159, when it said in closing,

\* \* \* Petitioner may be retried, if the Commonwealth is so advised. Conceivably, from the notes of the trial judge and other sources—a matter as yet unexplored—a record on appeal may be constructed and Virginia may conclude to grant a belated appeal on such a record. At least, the Commonwealth should be granted the opportunity to pursue this possible avenue of relief for petitioner.

Such an approach has been followed by the district court for the Southern District of West Virginia in Sempsrott v. Coiner, 308 F.Supp. 1217 (D.C.1970). In the present situation, it appears from the record that the trial of the petitioner was recorded upon a tape recorder and that parts of such record were reduced to writing upon request by the court reporter. Therefore, it appears that the lack of an adequate record or transcript of the trial would have been no obstacle to the perfection of an appeal. In fact, it appears that the sole reason an appeal was not perfected following the state court's grant of the writ and appointment of counsel was the petitioner's obstinate refusal to apply for an appeal and his perverse insistence upon his immediate release.

Although the Supreme Court has disposed of the contention that the concept of 28 U.S.C. § 2254 embodies a doctrine of forfeitures and cuts off relief when there has been a failure to exhaust state remedies no longer available at the time habeas is sought by holding in Fay v. Noia, 372 U.S. 391, 434–435, 83 S.Ct. 822, 847, 9 L.Ed.2d 837 that § 2254 was "limited in its application to failure to exhaust state remedies still open to the habeas applicant at the time he files his application in federal court." However, the question of whether another petition for state habeas corpus might result in another opportunity for a belated appeal being granted by the trial judge of the Circuit Court of Rockingham County, whose patience has been sorely tried, is not a matter on which this court must speculate because the exhaustion of state court remedies is not necessary for the disposition of this case.

The Supreme Court in Fay v. Noia, *supra,* at 433 did recognize,

\* \* \* a limitation whereby the federal judge has the discretion to deny relief to one who has deliberately sought to subvert or evade the orderly adjudication of his federal defenses in the state courts. Surely no stricter rule is a realistic necessity. A man under conviction for crime has an obvious inducement to do his very best to keep his state remedies open, and not stake his all on the outcome of a federal habeas proceeding which, in many respects, may be less advantageous to him than a state court proceeding.

The Supreme Court in Fay v. Noia, *supra,* at 438 further explained that,

\* \* \* we recognize a limited discretion in the federal judge to deny relief to an applicant under certain circumstances. \* \* \* Among them is the principle that a suitor's conduct in relation to the matter at hand may disentitle him to the relief he seeks. \* \* \* We therefore hold that the federal habeas judge may in his discretion deny relief to an applicant who has deliberately by-passed the orderly procedure of the state courts and in so doing has forfeited his state court remedies.

The Supreme Court cautioned in Fay v. Noia, *supra,* at 439 regarding the exercise of this discretion and has been followed closely by the Fourth Circuit in

Martin v. United States, 335 F.2d 945 (1964) and Pruitt v. Peyton, 338 F.2d 859 (1964) when it stated,

> But we wish to make very clear that this grant of discretion is not to be interpreted as a permission to introduce legal fictions into federal habeas corpus. The classic definition of waiver enunciated in Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461—"an intentional relinquishment or abandonment of a known right or privilege"—furnishes the controlling standard. If a habeas applicant, after consultation with competent counsel or otherwise, understandingly and knowingly forewent the privilege of seeking to vindicate his federal claims in the state courts, whether for strategic, tactical, or any other reasons that can fairly be described as the deliberate by-passing of state procedures, then it is open to the federal court on habeas to deny him all relief if the state courts refused to entertain his federal claims on the merits—though of course only after the federal court has satisfied itself by holding a hearing or by some other means, of the facts bearing upon the applicant's default. Cf. Price v. Johnston, 334 U.S. 266, 291, 68 S.Ct. 1049, 1063, 92 L.Ed. 1356. At all events we wish it clearly understood that the standard here put forth depends on the considered choice of the petitioner. Cf. Carnley v. Cochran, 369 U.S. 506, 513–517, 82 S.Ct. 884, 888–891, 8 L.Ed.2d 70; Moore v. Michigan, 355 U.S. 155, 162–165, 78 S.Ct. 191, 195–197, 2 L.Ed.2d 167. A choice made by counsel not participated in by the state court's finding of waiver bar independent determination of the question by the federal courts on habeas for waiver affecting federal rights is a federal question. E. g.,

Rice v. Olson, 324 U.S. 786, 65 S.Ct. 989, 89 L.Ed. 1367.

■ It is the considered opinion of this court after examination of the record and the petitioner's rejection of the opportunity to appeal that the petitioner is not entitled to the relief sought due to his calculated attempt to bypass his state court remedies to appeal and his insistence upon immediate release. The court is of the opinion that it was the considered choice of the petitioner to attempt to outsmart the Circuit Court of Rockingham County by playing any legal angle or loophole to win his release. In so doing he has consciously attempted to subvert and evade the state court procedures for the adjudication of his federal claims. The court finds that petitioner's opportunity to perfect a belated appeal within two years of his original conviction was an effective remedy provided for him which he voluntarily and knowingly rejected.

For the reasons discussed, the petition for a writ of habeas corpus is dismissed and relief is denied.

If the petitioner wishes to appeal this judgment or any part thereof, he should file with the clerk of *this* court within 30 days a notice of appeal. Failure to file notice of appeal within 30 days may result in a denial of the right of appeal. The notice of appeal shall state the following:

1. The judgment, order or part thereof appealed from;

2. The party or parties taking the appeal; and

3. The court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.

The clerk is directed to send certified copies of this opinion to the petitioner and to the respondent.