# CIRCUIT COURT OF FAIRFAX COUNTY

Javaros Thomas

v.

George Deeds,
Warden

November 10, 1999

Case No. (Law) 181961

BY JUDGE R. TERRENCE NEY

This matter comes before the Court on Javaros Thomas's Petition for the Writ of Habeas Corpus. After examining the record, the Petition, the Motion to Dismiss the Amended Petition, the Response to the Motion to Dismiss, the Supplemental Motion to Dismiss, the Response thereto, and the Reply, the Court orders that a plenary hearing shall be held on the issue of whether Mr. Thomas was denied his right to effective assistance of counsel on direct appeal and denies the Petition as to the remainder of the issues raised without requiring oral argument. Where the merits of the allegations may be determined by reference to records of previous judicial proceedings, a full evidentiary hearing is not required. See *Arey v. Peyton*, 209 Va. 370, 164 S.E.2d 691 (1968). Because the Warden, in his Motion to Dismiss, raises a procedural issue of first impression in Virginia, a detailed explanation of the reasons for the Court's decision is in order.

*Factual Background and Procedural Contentions of the Parties*

Javaros Thomas was tried by a jury and found guilty of maiming on November 1, 1995. That jury was unable to reach a verdict on the charge of carjacking. On December 4, 1995, prior to the commencement of his re-trial on the carjacking charge, Mr. Thomas entered a plea of guilty, pursuant to *North Carolina v. Alford*, to carjacking. He was sentenced by the Court on December 22, 1995, to a total of 35 years in the penitentiary. Mr. Thomas filed no appeal. On July 22, 1999, the Clerk of this Court received this Petition by U.S. mail from the petitioner.

In his Motion to Dismiss, the Warden asserts that the Petition is barred by Va. Code § 8.01-654(A)(2), as amended effective June 30, 1998, which sets forth a statute of limitations in habeas corpus cases. The statute provides, in pertinent part, that:

> A habeas corpus petition attacking a criminal conviction or sentence … shall be filed within two years from the date of final judgment in the trial court or within one year of either final disposition of the direct appeal in state court or time for filing such appeal has expired, whichever is later.

The Warden argues, first, that under this statute, Mr. Thomas's time for filing his petition expired on December 22, 1997, two years after he was sentenced, as he did not appeal his conviction.

In the alternative, recognizing that the change in statute might not be given *ex post facto* effect, the Warden argues that this Court should, in the absence of applicable precedent in Virginia, look to *Brown v. Angelone*, 51 F.3d 370 (4th Cir. 1998), a decision of the United States Court of Appeals for the Fourth Circuit, applying the analogous amendments to the United States Code creating a new statute of limitations for federal habeas corpus petitions, and allow the petitioner a one-year grace period after the effective date of Va. Code § 8.01-654(A)(2) in which to file his petition. That one-year grace period would have expired on June 30, 1999, 23 days before the filing of the instant petition. Mr. Thomas's assertions concerning the date on which he mailed his Petition are not relevant as, in Virginia, "to file with the clerk means to 'deliver' the paper to the clerk of the court .... [M]ail[ing] a paper assumes the risk that the paper may be delayed in transit or may not be received. It is 'filed' when delivered to the clerk by the agent selected by counsel." *Mears v. Mears*, 206 Va. 444, 446, 143 S.E.2d 889, 890 (1965).

*Application of the Amendments to Va. Code § 8.01-654(A)(2)*

First, the Court examines the question of whether Va. Code § 8.01-654(A)(2) may be applied to the petitions of persons who would have become ineligible to petition for the writ of habeas corpus on the day that the amendments to the statute became effective.

As the Warden recognized, this question has not been addressed by the Virginia Supreme Court or the Court of Appeals in any published opinion. Va. Code § 8.01-1 provides that all provisions of Title 8.01 shall apply to causes of action that arose prior to the effective date of any such provisions *except* for §§ 8.01-228 *et seq.* (Limitation of Actions). Section 8.01-1 further provides that "if in the opinion of the court [the application of] any particular provision (i) may materially change the substantive rights of a party ... or (ii) may cause the miscarriage of justice" the court shall apply the law in effect at the time the cause of action accrued.

The Virginia appellate opinions concerning the effect of a change in the limitations period enacted by the legislature after the plaintiff's (or petitioner's) right to bring the action accrued, but before the action was filed, address cases in which the action would have been time-barred under the old statute but timely under the new statute and are, therefore, informative but not dispositive. The general rule is that changes to statutes affecting substantive rights, including any statute affecting whether an action is timely filed, apply prospectively to causes of action that accrue after their passage, but not retroactively. See, e.g., *Riddett v. Virginia Elec. & Power Co.*, 255 Va. 23, 495 S.E.2d 819 (1998).

There is a strong "traditional presumption against applying statutes affecting substantive rights, liabilities, or duties to conduct arising before their enactment." *Landgraf v. USI Film Products*, 511 U.S. 244, 278 (1994). Courts usually, but not invariably, regard limitations periods as procedural as opposed to substantive and often apply them to suits arising before their enactment without concerns about retroactivity. *Brown*, 150 F.3d at 375 (citing cases). However, when the "application of a new limitation period would *wholly eliminate* claims for substantive rights or remedial actions considered timely under the old law, the application is "impermissibly retroactive." *Id.* at 377 (citing cases) (emphasis in original). Thus, Mr. Thomas's Petition cannot be barred on the grounds that it was not filed before December 22, 1997.

Having determined that Mr. Thomas's right to petition for the writ of habeas corpus may not be instantly extinguished, the Court must next decide how long Mr. Thomas does have to file his petition. Seven of the United

States Courts of Appeal, including the Fourth Circuit, have held that a prisoner whose statutory right to seek federal habeas relief accrued prior to the effective date of the new federal limitation period must receive a *reasonable* period of time after the statute's effective date in which to file his or her petition. See *Brown*, 150 F.3d at 378; *United States v. Flores*, 135 F.3d 1000 (5th Cir. 1998); *Burns v. Morton*, 134 F.3d 109 (3d Cir. 1998); *Calderon v. United States Dist. Ct. for the Cent. Dist. of Cal.*, 128 F.3d 1283 (9th Cir. 1997); *cert. denied*, 118 S. Ct. 899 (1998); *United States v. Simmonds*, 111 F.3d 737 (10th Cir. 1997); *Peterson v. Demskie*, 107 F.3d 92 (2d Cir. 1997); *Lindh v. Murphy*, 96 F.3d 856 (7th Cir. 1996); *rev'd on other grounds*, 117 S. Ct. 2059 (1997). The *Brown* court, as well as the majority of other circuits, determined that a "reasonable period of time" was one year after the statute's effective date.

The Warden argues that this Court should apply the same one-year "grace period" adopted by the Fourth Circuit for prisoners whose statutory right to seek federal habeas relief accrued prior to the effective date of the new federal limitation period to prisoners whose habeas rights in Virginia would have been foreclosed by the amendments to Va. Code § 8.01-654(A)(2). This interpretation would require Mr. Thomas to have filed his Petition by June 30, 1999.

In the Court's opinion, the Warden overlooks the reasoning of the Fourth Circuit in determining that one year was a reasonable grace period. That determination was not made arbitrarily, suggesting that one year is always a reasonable grace period. Instead, the *Brown* court based its conclusion on the fact that the new limitation period at issue was one year. *Brown*, 150 F.3d at 380.

While it would not be necessary to allow the full limitation period as a "reasonable period" if the new limitation period is very long, *see Block v. North Dakota*, 461 U.S. 273, 286, n. 23 (1983) (discussing a twelve-year limitation period), allowing the two-year limitation period provided by Va. Code § 8.01-654(A)(2) as the "grace period" under that statute for petitioners whose time to file state habeas corpus petitions would have expired prior to the effective date of the amended statute comports with the Fourth Circuit's reasoning in *Brown*. Keeping in mind that the intent of the legislature in enacting the new limitation period was to prevent undue delay and cause the issues raised by habeas corpus petitions to be adjudicated before they become stale, and with the guidance of the *Brown* court, this Court holds that two years from the effective date of the amendments to the statute is a reasonable period of time to allow incarcerated persons, most of whom are without the assistance of counsel, to become aware of the change in Va. Code § 8.01-

654(A)(2) and its effect upon their rights and then to act upon the change by filing a petition if otherwise eligible. Therefore, Mr. Thomas's Petition and Amended Petition are deemed timely filed.

## The Merits of the Petition

Mr. Thomas raises the following grounds for his petition: (1) that the evidence presented at his trial was insufficient for conviction; (2) that the jury did not find that he acted with "malice," which is an essential element of the offense of maiming; and (3) that the assistance of his counsel was ineffective.

The writ of habeas corpus is not a substitute for an appeal and cannot be used to review errors or revise the judgment of a court of competent jurisdiction. *See Council v. Smyth*, 201 Va. 135, 109 S.E.2d 116 (1959); *Smyth v. Midgett*, 199 Va. 727, 101 S.E.2d 575 (1958). Therefore, the first two grounds raised by Mr. Thomas are not proper issues for this petition.

Mr. Thomas's claim of ineffective assistance of counsel was not raised at trial; therefore, that claim would not be cognizable on direct appeal. As a prisoner could not receive a full and fair opportunity to litigate the issue on appeal, a state habeas action does properly lie on this claim. *Cartera v. Mitchell*, 553 F. Supp. 866 (E.D. Va. 1982).

Mr. Thomas asserts that the assistance of his counsel was ineffective generally, as well as specifically in the following ways: (1) his counsel coerced him to plead guilty to the carjacking charge; (2) his counsel failed to file a motion to dismiss the carjacking charge on grounds of double jeopardy after the trial judge declared a mistrial when the jury was unable to reach a verdict on that count; and (3) his counsel failed to appeal his conviction for maiming after representing that he would do so.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-part test for evaluating claims that trial counsel had been ineffective. First, it must be shown that counsel's performance "fell below an objective standard of reasonableness." *Id.* at 688. Second, it must be shown that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. With this in mind, we consider the ineffective assistance claims in order.

Broad, conclusory allegations are not sufficient for habeas consideration. The petition must allege specific facts as opposed to the conclusions or opinions of the petitioner. *Kelly v. Cox*, 353 F. Supp. 1050 (W.D. Va. 1972). Therefore, Mr. Thomas's general allegations of ineffective assistance are dismissed as insufficient.

The transcript of the hearing at which Mr. Thomas's *Alford* plea was taken refutes Mr. Thomas's current contention that the plea was coerced. The trial judge questioned Mr. Thomas at length concerning his change of plea, whether he was making that change voluntarily, and whether he understood the consequences, including his loss of right to appeal the Court's evidentiary rulings made prior to the second trial. The trial judge further questioned counsel and Mr. Thomas concerning the exact nature of the additional evidence against Mr. Thomas not presented at the first trial (which had resulted in a hung jury on the carjacking charge), which had caused him to change his mind and enter an *Alford* plea. Based upon the testimony and proffers made at the plea hearing, the Court does not find it credible that Mr. Thomas's plea was coerced by his counsel, nor did his counsel's advice to him to enter such a plea fall below an objective standard of reasonable performance.

Mr. Thomas's contention that his counsel should have filed a motion to dismiss the carjacking charge on grounds of double jeopardy is also without merit. The law is clear that the state may retry a defendant whose first trial ends in a hung jury. "Where the jury, after due deliberation, is unable to agree, and the court, in its sound discretion, dismisses the jury and declares a mistrial … a plea of double jeopardy will not be sustained." *Miller v. Commonwealth*, 217 Va. 929, 933, 234 S.E.2d 269, 272 (1977), *cert. denied*, 434 U.S. 1016 (1978) (citation omitted). Counsel's failure to file a motion to dismiss did not fall below an objective standard of reasonable performance.

Mr. Thomas's final contention is that his counsel's assistance was ineffective because he failed to file an appeal of the maiming conviction. It is well settled that an indigent is entitled to perfect an appeal regardless of the fact that his attorney may be of the opinion that there is no basis upon which to appeal. *Russell v. Peyton*, 207 Va. 469, 150 S.E.2d 530 (1966); *Clark v. Peyton*, 207 Va. 444, 150 S.E.2d 533 (1966); *Stokes v. Peyton*, 207 Va. 1, 147 S.E.2d 773 (1966); *Thacker v. Peyton*, 206 Va. 771, 146 S.E.2d 176 (1966); *Cabaniss v. Cunningham*, 206 Va. 330, 143 S.E.2d 911 (1965). In *Via v. Peyton*, 208 Va. 387, 158 S.E.2d 127 (1967), the Virginia Supreme Court held that a prisoner was denied his constitutional right to appeal where his counsel had failed to perfect his appeal but had neither obtained the prisoner's acquiescence to abandon the appeal nor notified the prisoner of his intention to do so in sufficient time for the prisoner to otherwise proceed. *Id.* at 392.

Here, Mr. Thomas alleges that his counsel "led petitioner to believe all this time that he would file the appeal." Petition at 6. No appeal was filed. Because the record is insufficient to inform the Court as to the communication

between Mr. Thomas and his counsel, an evidentiary hearing on this matter is appropriate.

An order will issue reflecting the ruling of this Court and directing Mr. Thomas to be brought before the Court for a plenary hearing.