COURT OF APPEALS OF VIRGINIA

Present: Judges Friedman, Callins and White
Argued at Salem, Virginia


WILLIAM JOSEPH LARUE

v.      Record No. 1108-22-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE FRANK K. FRIEDMAN
JUNE 6, 2023


FROM THE CIRCUIT COURT OF MONTGOMERY COUNTY
Robert M.D. Turk, Judge

(Dennis Nagel, on brief), for appellant. Appellant submitting on brief.

Ken J. Baldassari, Assistant Attorney General (Jason S. Miyares, Attorney General; Robin M. Nagel, Assistant Attorney General, on brief), for appellee.


William Larue was found guilty of forcible sodomy on a victim less than 13 years of age following a jury trial in Montgomery County. He was sentenced to life in prison—the mandatory minimum sentence for that offense. On appeal, he argues that this mandatory sentence violates his constitutional right to be free from cruel and unusual punishment. For the following reasons, we affirm the trial court's rulings.

BACKGROUND

In July 2021, Larue's wife walked in on Larue performing oral sex on his 12-year-old granddaughter, N.H. When Larue's wife confronted them, N.H. ran home and reported to her mother what had happened. Larue was arrested the next day. Inside his vehicle was a note in Larue's handwriting reading "I'm sorry."

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413.

The jury convicted Larue of forcible sodomy on a child under 13 years of age. After a later sentencing hearing, the trial judge sentenced Larue to life in prison—the mandatory minimum sentence for this offense. Larue objected to receiving a mandatory minimum life sentence, arguing that it violated his constitutional right to be free from cruel and unusual punishment. He argued that a life sentence was disproportionate in light of the applicable sentencing guidelines, which recommended a maximum sentence of 13 years and 7 months. This appeal follows.

ANALYSIS

On appeal, Larue assigns error to his life sentence, asserting that it violates "the prohibition on cruel and unusual punishment as protected by the Eighth Amendment of the United States Constitution and Article I Section 9 of the Virginia Constitution."

"The Eighth Amendment, which forbids cruel and unusual punishment, contains a 'narrow proportionality principle' that 'applies to noncapital sentences.'" *Ewing v. California*, 538 U.S. 11, 20 (2003) (quoting *Harmelin v. Michigan*, 501 U.S. 957, 996-97 (1991)). The United States Supreme Court "'has on occasion stated that the Eighth Amendment prohibits imposition of a sentence that is grossly disproportionate to the severity of the crime.' But '[o]utside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare.'" *Id.* at 21 (quoting *Rummel v. Estelle*, 445 U.S. 263, 278, 272 (1980)). "Reviewing courts, of course, should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes, as well as to the discretion that trial courts possess in sentencing convicted criminals." *Solem v. Helm*, 463 U.S. 277, 290 (1983). "Our traditional deference to legislative policy choices finds a corollary in the principle that the Constitution 'does not

mandate adoption of any one penological theory.'" *Ewing*, 538 U.S. at 25 (quoting *Harmelin*, 501 U.S. at 999).

Cruel and Unusual Punishment

The Eighth Amendment to the U.S. Constitution and Article I, Section 9 of the Virginia Constitution protect against the infliction of "cruel and unusual punishments." Larue acknowledges on brief that "[t]here is a long line of cases that support the right of state legislatures to require mandatory life sentences for certain classes of offenses," and he "asserts that the entire line of cases should be overruled as being in violation of the mandates against cruel and unusual punishment." Specifically, Larue argues that this Court must consider "the extreme contradiction in the legislative actions that both require the court to consider both aggravating and mitigating sentencing evidence while simultaneously barring the [c]ourt from acting on its consideration." He notes that the trial court was "barred from consideration" of his mitigating evidence as well as of the sentencing range recommended by the sentencing guidelines. He argues that his life sentence was "wholly disproportionate" to the sentence range recommended by the guidelines.

Proportionality

This Court has previously held that "proportionality review 'is not available for any sentence less than life imprisonment without the possibility of parole.'" *Cole v. Commonwealth*, 58 Va. App. 642, 654 (2011) (quoting *United States v. Malloy*, 568 F.3d 166, 180 (4th Cir. 2009)). "[T]he possibility of geriatric release under Code § 53.1-40.01 provides a meaningful opportunity for release that is akin to parole." *Johnson v. Commonwealth*, 292 Va. 772, 781

(2016) (citing *Angel v. Commonwealth*, 281 Va. 248, 275 (2011)).[1]  Here, Larue will be eligible

for geriatric release under Code § 53.1-40.01, which states:

> Any person serving a sentence imposed upon a conviction for a
> felony offense, other than a Class 1 felony, (i) who has reached the
> age of sixty-five or older and who has served at least five years of
> the sentence imposed or (ii) who has reached the age of sixty or
> older and who has served at least ten years of the sentence imposed
> may petition the Parole Board for conditional release.

"Under the interpanel-accord doctrine, the decision of a prior panel of this Court

'becomes a predicate for application of the doctrine of stare decisis and cannot be overruled

except by the Court of Appeals sitting en banc or by the Virginia Supreme Court.'"  *Laney v.

Commonwealth*, 76 Va. App. 155, 163-64 (2022) (quoting *Johnson v. Commonwealth*, 75

Va. App. 475, 481 (2022)).  Thus, under the precedent of both *Cole v. Commonwealth* and

*Johnson v. Commonwealth*, Larue is not entitled to proportionality review of his sentence.

<u>Mitigating Evidence</u>

Larue also argues that his sentence violated the Eighth Amendment because the trial

court was required to impose a life sentence, regardless of Larue's mitigating evidence and the

sentencing guidelines recommendation.  A similar argument was considered in *Harmelin v.

Michigan*.  Harmelin was convicted of possessing 672 grams of cocaine and received a

mandatory life sentence without the possibility of parole.  *Harmelin*, 501 U.S. at 961.  On appeal,

Harmelin argued in part that his sentence violated the Eighth Amendment because the sentencing

judge "was statutorily required to impose it, without taking into account the particularized

circumstances of the crime and of the criminal."  *Id.* at 961-62.

---

[1] We note that Larue—who was 65 years old when this offense occurred—is significantly older than the appellants were in both *Johnson* and *Angel*, both of which dealt with crimes committed by 17 year olds.  Thus, Larue will become eligible for geriatric release after serving a far shorter period of incarceration than either the *Johnson* or *Angel* appellants.

- 4 -

This argument was rejected by a majority of the *Harmelin* Court: "There can be no serious contention, then, that a sentence which is not otherwise cruel and unusual becomes so simply because it is 'mandatory.'" *Id.* at 995.[2]  This is because "[s]evere, mandatory penalties may be cruel, but they are not unusual in the constitutional sense, having been employed in various forms throughout our Nation's history." *Id.* at 994-95.  "It is beyond question that the legislature 'has the power to define criminal punishments without giving the courts any sentencing discretion.'" *Id.* at 1006 (Kennedy, J., concurring in part) (quoting *Chapman v. United States,* 500 U.S. 453, 467 (1991)).

Holdings of the United States Supreme Court "on Federal constitutional questions are, of course, binding on all State courts." *Thacker v. Peyton*, 206 Va. 771, 773 (1966).  Virginia's General Assembly has "define[d]" the punishment for forcible sodomy on a victim under 13 years of age, and Larue's sentence comports with that legislative mandate.[3]  Thus, Larue's arguments regarding the constitutionality of a mandatory life sentence must fail under the binding precedent of *Harmelin*.

---

[2] The *Harmelin* Court noted that, while capital cases did require "an individualized determination" of an appropriate sentence, this requirement did not extend to cases carrying mandatory life sentences without parole.  501 U.S. at 995.

[3] Additionally, our Supreme Court "has [historically] deferred to legislative judgment concerning the quantum of punishment for offenses, and held in *Hart* that [the cruel and unusual provision of the Virginia Constitution] applies only to sentences regarded as cruel and unusual in 1776 when it was first adopted, i.e., sentences involving torture or lingering death." *Dunaway v. Commonwealth*, 52 Va. App. 281, 311 (2008) (second alteration in original) (quoting John L. Costello, *Virginia Criminal Law and Procedure* § 3.3, at 47 (4th ed. 2008) (citing *Hart v. Commonwealth*, 131 Va. 726, 741-42 (1921))).  Accordingly, Larue's mandatory minimum life sentence also does not qualify as cruel and unusual under Article 1, Section 9 of the Virginia Constitution.

CONCLUSION

Larue's arguments have been squarely addressed in binding precedent, holding that a mandatory life sentence with the possibility of parole does not violate the parameters of the Eighth Amendment. We decline Larue's invitation to overrule this line of cases, and we affirm the ruling of the trial court.

*Affirmed.*