# Richmond

JAMES ALLEN SMITH v. C. C. PEYTON, SUPERINTENDENT OF THE
VIRGINIA STATE PENITENTIARY.

November 28, 1966.

Record No. 6323.

Present, All the Justices.

*Albert Teich, Jr.* for the plaintiff in error.

*Reno S. Harp, III, Assistant Attorney General (Robert Y. Button, Attorney General*, on brief), for the defendant in error.

Per curiam.

On April 18, 1963, James Allen Smith was convicted in the Corporation Court of the city of Norfolk, Part Two, on charges of robbery and sentenced to serve a term of twelve years on each of three indictments, the sentences to run consecutively. John A. Gurkin, Esquire, a member of the local bar, was appointed by the court to defend him. Thereafter, through Albert Teich, Jr., Esquire, another court-appointed attorney, Smith filed in the same court a petition for a writ of habeas corpus attacking the validity of the judgments of

conviction against him, on the ground among others that he was denied his constitutional right of appeal. After hearing the evidence in the habeas corpus proceeding the lower court entered a judgment dismissing the petition. We granted Smith a writ of error. The question here presented is whether the record shows that the petitioner was denied the constitutional right of appeal. We hold that it does.

The record shows that on May 11 and 15, 1963, Smith wrote the clerk of the lower court asking for copies of the warrants, indictments, trial proceedings and judgments entered against him. He was told that these would be supplied at the cost of $12.50, which Smith said he was unable to pay.

On May 25 Smith wrote Gurkin, who had been appointed to represent him at the criminal trial, requesting that he prepare and send him "a statement of the narrative evidence" and that this be prepared and "signed by the trial judge" within the "statutory time." He also asked that Gurkin obtain from the clerk of the court and send him (Smith) "the following records in my case: four indictments, four warrants, order of trial, conviction and sentence." Gurkin replied on May 28 that, "since I was a court-appointed attorney, my duties ceased as of the end of your trial on April 18, 1963," and that he (Smith) should obtain the desired records of his trial "through the proper channels."

On June 21 Gurkin received from Smith a narrative of the evidence which he (Smith) had prepared. Gurkin acknowledged receipt of this narrative, but wrote Smith that he and the Commonwealth's attorney had found it to be incorrect, and for this reason and also for the reason that it had not been tendered within the required time, the trial judge had refused to sign it.

We think that Smith's letter of May 25, 1963 to Gurkin was a clear indication of his desire to prosecute an appeal from the judgment of conviction entered against him. It was received within ample time for the perfection of an appeal. We do not agree that under the circumstances Gurkin's duty as court-appointed counsel had been terminated. Since Smith had indicated that he desired to prosecute an appeal, he was entitled to the assistance and cooperation of counsel for that purpose. If Gurkin did not desire to continue to represent Smith and aid him in the prosecution of an appeal, he should have so advised the trial judge in order that other counsel be appointed for the purpose. We think that under the related circumstances Smith was denied his constitutional right of appeal. See *Clark* v. *Peyton*,

207 Va. 444, 446, 150 S. E. 2d 533, 535; *Russell* v. *Peyton*, 207 Va. 469, 473, 150 S. E. 2d 530, 533, both decided on October 10, 1966, and subsequent to the hearing of the habeas corpus proceeding in the present case.

For these reasons we vacate the order dismissing the petition for a writ of habeas corpus. The case is remanded to the trial court with direction that counsel who was appointed to prosecute this petition for a writ of habeas corpus on behalf of Smith and the Commonwealth's attorney proceed to prepare a narrative of the evidence introduced at the criminal trial and submit it for approval to the trial court within a reasonable time, not exceeding sixty days after the receipt of the mandate of this court in the clerk's office of the court below. Upon certification of the narrative of the evidence counsel for Smith shall be furnished a copy thereof and of any other relevant parts of the record, and he shall then prepare and present a petition for appeal to this court, or to one of its judges, as provided by law, within sixty days after the evidence is so certified.

If a proper record cannot be prepared, then the petitioner shall be promptly granted a new trial or released from custody. *Clark* v. *Peyton, supra*, 207 Va. at 447, 150 S. E. 2d at 536; *Russell* v. *Peyton, supra*, 207 Va. at 473, 150 S. E. 2d at 533.

*Reversed and remanded.*