## Richmond

**Douglas Perry Lawrence v. C. C. Peyton, Superintendent of the Virginia State Penitentiary.**

March 10, 1969.

Record No. 6779.

Present, All the Justices.

*W. Leigh Ansell* (*Ansell, Butler and Canada,* on brief), for plaintiff in error.

*Reno S. Harp, III, Assistant Attorney General* (*Robert Y. Button, Attorney General,* on brief), for defendant in error.

Snead, J., delivered the opinion of the court.

Douglas Perry Lawrence, petitioner, appeals from an order entered on March 7, 1967, wherein his petition for a writ of *habeas corpus*

*ad subjiciendum* was denied, dismissed and the writ discharged after a plenary hearing. He contends here that the trial court erred in dismissing the writ because (1) he was not afforded effective representation by his court-appointed attorney when he was tried and convicted for armed robbery, and (2) he was denied his constitutional right of appeal from that conviction.

The record reveals that on August 31, 1964, Lawrence, along with two confederates, was arrested on a warrant charging him with the armed robbery of John W. Kay, night clerk of Beach Taxi, Inc. in the city of Virginia Beach, on the same day. On September 28, Henry L. Lam, an attorney who had practiced law since 1952, was appointed by the Municipal Court to defend him. A preliminary hearing was had on October 12 and the case was certified to the grand jury. On November 20, the grand jurors returned a true bill, and Lawrence was tried on April 13, 1965.

Upon arraignment,[1] after having been advised fully of all of his rights by the trial judge, Lawrence pleaded not guilty to the charge of robbery contained in the indictment and stated in person that he desired to waive trial by jury and to be tried by the court. With the concurrence of his attorney, the Commonwealth's attorney and the court entered of record, such a trial was had. The accused neither testified nor presented any witnesses in his behalf. The trial court adjudged him guilty as charged in the indictment, fixed his punishment at confinement in the State Penitentiary for a period of 75 years and sentenced him accordingly.

In support of his contention that he was not afforded effective representation, Lawrence testified that Lam, his court-appointed attorney, did not advise him of his constitutional rights, did not inform him that he could elect to be tried either by the court or a jury, did not inquire of him if he had any witnesses, did not summon Fred Duckworth, former mayor of Norfolk as requested, did not discuss with him the indictment and lesser included offenses, did not explore the possibility of insanity as a defense, and did not cross-examine witnesses in order to establish a possible illegal search and seizure. The last assertion appears to be his chief complaint.

Lam testified that he talked with Lawrence six times between October 7, 1964 and April 13, 1965, the date he was tried; that he discussed with Lawrence the charge contained in the warrant and

---

[1] The transcript of the trial on the indictment charging robbery was made a part of the record in this appeal.

later the indictment; that Lawrence understood the nature of the charge; that Lawrence told him he had no witnesses with regard to the alleged crime who would be helpful in the defense of his case, but requested that he contact Fred Duckworth, former mayor of Norfolk, who he thought would help him; that he wrote Duckworth but received no reply; that during his preparation for trial he talked with the arresting officers and Kay, the victim of the robbery, and that the officers said Lawrence appeared to be drinking but not intoxicated at the time of his arrest.

Lam further stated that in discussing the defense Lawrence neither stated that he had committed the crime nor stated that he had not committed it; that he said "if he had done it, it must have been because he was drunk"; that at the preliminary hearing Kay pointed out Lawrence as the person who brandished the pistol during the robbery; that he advised Lawrence of his rights; that Lawrence made the decision to plead not guilty, waive trial by jury, and not to testify; that Lawrence agreed that no probation report should be requested because of his bad record; that he did not recall Lawrence requesting him to ask any questions during the trial, and that he did not cross-examine the arresting police officers with regard to a possible illegal search and seizure of the automobile, because he had discussed the matter with the two attorneys representing the two co-defendants and was present when the issue was raised and argued in one of the cases and was decided adversely by the court.

■ The failure of Lam to cross-examine the officers with regard to a possible illegal search and seizure was a matter of judgment or trial tactics and does not constitute a valid ground for finding ineffective representation. Moreover, the evidence shows that soon after the robbery occurred, Kay, the victim, gave to the police a description of a "white male and a colored male" involved in the crime and also a pistol and a tire tool with which they were armed. According to officer Lambert, he received information by police radio that just prior to the robbery a Chevrolet automobile "with a green bottom and a white top, bearing Virginia license 494 131 and occupied by a white male and a colored male" had been seen near Beach Taxi, Inc. He learned over the radio that officer Hathaway, who also had a description of the men and the car, had spotted and was following the automobile on Virginia Beach Boulevard. Hathaway approached the vehicle when it stopped at a red light and observed two white men on the front seat and a colored

man lying on the floor in the rear. One of the occupants, later identified as Lawrence, appeared to fit the description of the white man furnished him. He ordered the three men out of the car.

A moment later Lambert arrived. He said the description given him by Kay fitted to a "tee" two of the men. Lambert stated that acting on probable cause he then searched the automobile and found under the front seat a bag containing wrapped money marked "Beach Taxi, Incorporated" and a "blue .38 snub-nosed revolver" which fitted the description of the pistol given by Kay. On the floor board of the back seat there was a tire tool. Kay had told the police that the colored man was armed with such a weapon. The three men were then placed under arrest and charged with the offense of robbery. Under these circumstances probable cause clearly existed and there was no illegal search and seizure.

We hold that Lawrence failed to bear the burden of showing by a preponderance of the evidence that his court-appointed attorney did not effectively represent him. *Peyton* v. *Ellyson*, 207 Va. 423, 426, 150 S.E.2d 104, 107.

We proceed now to a consideration of the crucial question involved. Was Lawrence denied his constitutional right of appeal?

Lawrence testified that prior to trial he told Lam he wanted to appeal if everything "didn't go right", and that he also told him at the conclusion of the trial that he wanted to appeal the case. Lawrence introduced in evidence a copy of a letter, dated June 1, 1965, addressed to the trial judge and sent by certified mail. In it he stated that he was a pauper and without funds to obtain a transcript of the trial proceedings. He requested the court to direct the clerk to furnish him with "the process of my trial" and to direct the court reporter to furnish him with a copy of the transcript. He did not specify why he wanted these copies. Attached to the letter was a pauper's affidavit. A copy of the letter was also sent by certified mail to the clerk of this court. Lawrence stated that he neither received a reply to his letter to the trial court nor the copies requested.

Lam, who was called as a witness for petitioner, testified that he did not recall discussing with Lawrence an appeal of the case either before or after the trial, and that there was nothing in his trial notes to indicate "whether he did or didn't ask me to appeal it".

However, Lam read into evidence a letter, dated July 13, 1965, addressed to him from Robert M. Wallace, an attorney who had been appointed by the Circuit Court of the City of Richmond to de-

fend Lawrence in a recidivist trial, and also his reply, dated July 20, 1965, to Wallace's letter. Wallace's letter reads in part:

"Mr. Lawrence, according to the record, has been four times convicted and sentenced to the penitentiary for felonies. Mr. Lawrence advises me that you represented him on April 13th, 1965, in the Virginia Beach City Circuit Court on a charge of robbery in which he received seventy-five years.

"It is my understanding Mr. Lawrence was under the impression that you are handling an appeal or that you are taking steps for an appeal of his conviction on April 13th, 1965. The court has instructed me to investigate and find what steps are being taken towards perfecting Mr. Lawrence's appeal, and also, whether or not you are continuing with Mr. Lawrence's case. * * *."

The pertinent parts of Lam's reply follow:

" '1. I am not undertaking any steps to appeal the Lawrence conviction, *and told this to Mr. Lawrence at the time of his conviction*. (Italics supplied.)

" '2. I am not representing Mr. Lawrence any further.' "

Lam stated that the contents of his letter "would indicate to me that he had said something to me about it [appeal] because I indicated to him that I had told him that I was not doing it, so he would apparently have had to have spoken to me about it". He further stated: "* * * I take it from this [letter] that I had at that time a memory of him having talked to me about it."

In our view the evidence shows that Lawrence wanted to appeal the case and indicated his desire to appeal to Lam, his court-appointed counsel. Lawrence testified emphatically that he told Lam after he was convicted that he wanted to take an appeal. Lam did not deny this statement. He said that he did not recall the question of appeal being discussed. Then he stated, in effect, that his letter to Wallace, written 19 months prior to the *habeas corpus* hearing, indicated to him that at that time he remembered that an appeal had been discussed.

Since Lawrence had indicated to Lam his desire to prosecute an appeal from the judgment of conviction within time for the perfection of an appeal, he was entitled to the assistance of counsel for that purpose. If Lam did not desire to continue to represent Lawrence it was his duty to advise the trial court so that other counsel could be appointed to perfect the appeal. *Smith* v. *Peyton*, 207 Va. 515, 516, 151 S.E.2d 382, 384.

Our conclusion is that Lawrence was denied his constitutional right of appeal. We therefore vacate the judgment order entered March 7, 1967 denying and dismissing the petition for a writ of *habeas corpus* and remand the case to the trial court with direction to appoint counsel to assist Lawrence in prosecuting an appeal from his conviction of robbery. The record shows that a transcript of the evidence is available. Court-appointed counsel shall submit it for approval and certification by the trial court within a reasonable time, not exceeding sixty days after the appointment of counsel. Upon certification of the transcript counsel for Lawrence shall be furnished a copy of it along with any other relevant parts of the record he may desire. Counsel shall then prepare and present a petition for appeal to this court, or to one of its justices, in the manner prescribed by law.

If these procedures are not followed, Lawrence shall be promptly granted a new trial or be released from custody. *Duffield* v. *Peyton*, 209 Va. 178, 186, 187, 162 S.E.2d 915, 921.

*Reversed and remanded.*