## 𝔖taunton

LEROY FERBY v. C. C. PEYTON, SUPERINTENDENT OF THE
VIRGINIA STATE PENITENTIARY.

September 5, 1969.

Record No. 6964.

Present, All the Justices.

*Nicholas Daniels*, for plaintiff in error.

*Reno S. Harp, III, Assistant Attorney General (Robert Y. Button, Attorney General*, on brief), for defendant in error.

EGGLESTON, C.J., delivered the opinion of the court.

On June 6, 1966, Leroy Ferby was arraigned in the Circuit Court of Dinwiddie County upon an indictment charging him with the malicious wounding of Edgar Crowder. He was represented by court-appointed counsel and pleaded not guilty to the charge. By consent the case was heard by the trial court without a jury which found him guilty and on July 19, 1966 entered judgment sentencing him to confinement in the State Penitentiary for a term of fifteen years.

On February 7, 1967, Ferby filed in the Hustings Court of the City of Richmond a petition for a writ of habeas corpus attacking the

validity of the judgment of conviction on the grounds, among others, that he was denied the constitutional right of effective assistance of counsel at his trial and the right to appeal the judgment of conviction. Pursuant to Code § 8-598, as amended, the writ prayed for was issued and made returnable to the Circuit Court of Dinwiddie County where the previous judicial proceeding had occurred. On an affidavit of indigency counsel was appointed to prosecute the petition for a writ. After hearing the evidence the Circuit Court entered a judgment denying the writ and the petitioner has appealed.

In the view we take of the matter it is only necessary that we consider whether the record shows that the petitioner was denied the constitutional right of appeal. We hold that it does.

Herbert T. Williams, III, called as a witness on behalf of the petitioner, testified that he was appointed by the trial court to represent Ferby at the criminal trial and appeared there on his behalf; that immediately after the court had pronounced sentence, Ferby "jumped up and said, 'I appeal;' " and that this was done before he had even discussed with his counsel the subject of taking an appeal. There was no evidence contradicting this occurrence. However, no steps were taken then or later by Ferby's counsel or by the trial court to see that an appeal was perfected.

On October 12, 1966, Ferby wrote Williams reminding him that on the day on which he had been sentenced he had noted an appeal in open court while he, Williams, was present. The letter further said: "I have heard nothing yet. I would like for you to look into the matter for me. See if there is no record of my appeal that I asked for. I would like for you to file one as quick as possible. I would like to have your legal counsel."

Williams testified that he delayed answering this letter until he had discussed it with the judge of the trial court and that after this was done he wrote Ferby as follows: "I hereby acknowledge receipt of your letter noting an appeal of your case. You will remember that I was your court appointed counsel for your trial. I am not or was not appointed to represent you on an appeal. As far as I know no appeal has been filed on your behalf. Therefore, I suggest that you send notice of appeal in writing to the Clerk of the Dinwiddie County Circuit Court."

Williams further testified that after receiving Ferby's letter and replying thereto he "checked with the Clerk and found that no appeal

had been entered" in the case; that he then "called the judge" to advise him of the situation but was unable to reach him.

Clearly, in the light of our recent decisions, the defendant was denied the right of appeal to which he was constitutionally entitled. His statement, made in open court and in the presence of his attorney, was a clear indication of his desire to appeal. Williams's obligation as court-appointed counsel to the defendant was not terminated when the trial ended. The defendant having indicated a desire to appeal was entitled to the assistance and cooperation of counsel for that purpose. If Williams did not desire to continue to represent the defendant and aid him in the prosecution of an appeal, he should have so advised the trial court in order that other counsel might be appointed for that purpose.

We hold that under the related circumstances Ferby was denied his constitutional right of appeal. *Smith* v. *Peyton*, 207 Va. 515, 151 S. E. 2d 382 (1966). See also, *Clark* v. *Peyton*, 207 Va. 444, 150 S. E. 2d 533 (1966); *Cabaniss* v. *Cunningham*, 206 Va. 330, 143 S. E. 2d 911 (1965).

For these reasons we vacate the order dismissing the petition for a writ of habeas corpus and remand the case to the trial court with direction that counsel be appointed for the petitioner defendant, who shall proceed with the attorney for the Commonwealth to prepare a transcript or narrative statement of the evidence introduced at, or other incidents of, the criminal trial and submit it for approval and certification by the trial court within a reasonable time, not exceeding sixty days after the appointment of counsel. Upon certification of such transcript or statement the defendant's counsel shall be furnished a copy thereof and of any other relevant parts of the record, and he shall then prepare and present a petition for a writ of error to this court, or to one of its judges, as provided by law, within sixty days after the transcript or statement has been so certified.

If a proper record cannot be prepared, then the petitioner defendant shall be promptly granted a new trial or released from custody. *Smith* v. *Peyton, supra,* 207 Va. at 517, 151 S. E. 2d at 384, and cases there cited.

*Reversed and remanded.*