## Richmond

JOHN HENRY PENN v. W. FRANK SMYTH, JR., SUPERIN-
TENDENT OF THE VIRGINIA STATE PENITENTIARY.

October 11, 1948.

Record No. 3449.

Present, All the Justices.

*W. A. Hall, Jr.,* for the plaintiff in error.

*J. Lindsay Almond, Jr., Attorney General,* and *Ballard Baker, Special Assistant to the Attorney General,* for the defendant in error.

STAPLES, J., delivered the opinion of the court.

In this case we are called upon to review an order of the Hustings Court of the City of Richmond, Part II, which denied the prayer of a petition for a writ of *habeas corpus* by which the plaintiff in error, who was the petitioner and hereinafter will be so referred to, challenged the validity of a judgment of the Hustings Court of said city, (Part I).

The background of the case and the questions raised by the petition are concisely set forth in the opinion of the learned judge of the trial court as follows:

"The petitioner, John Henry Penn, together with W. L. Crutchfield and Joseph Hubbard, was convicted on September 10, 1946, in the Hustings Court of the City of Richmond on two charges of armed robbery and sentenced to a total of twenty-five years imprisonment. He has filed a petition in this court for a writ of *habeas corpus,* and in response to a rule issued by the court upon the Superintendent of the Penitentiary to show cause why the writ should not issue, the respondent has filed his answer.

"The petition and exhibits attached thereto show that the petitioner, age 20, Crutchfield, age 18, and Hubbard, age 19, were each indicted on two indictments charging them respectively with armed robbery of (1) T. C. Saunders and (2) Wesley Walden. These indictments were returned on September 3, 1946. The mother of the petitioner employed an attorney to represent the petitioner. It is alleged that this attorney was subsequently employed by the other two defendants, Crutchfield and Hubbard, to represent them also. The three defendants entered pleas of 'Not Guilty', trial by jury was waived, and at their trial on

September 10, 1946, before the court without a jury they were found guilty and each defendant was sentenced to fifteen years imprisonment on the first charge and ten years imprisonment on the second charge. The petition states that all three defendants testified, and that the petitioner testified that 'he had no part in the robberies', but that he was convicted upon the perjury of Hubbard and Crutchfield.

"The petitioner seeks his release on *habeas corpus* from these convictions on the grounds that his attorney was incompetent, inexperienced, rushed headlong into the trial without preparation or conference with the petitioner, and that by representing the other two defendants he represented interests conflicting with those of the petitioner. It is alleged that the petitioner's trial was 'shocking' and a 'sham', and that the court should have intervened on behalf of the petitioner. * * * the petitioner * * * has filed an amendment to his petition alleging his ignorance of court proceedings and his illiteracy, thus purporting to excuse himself from calling to the attention of the court the alleged conflicting interests being represented by his counsel."

The only allegation of the petition with respect to the incompetency of his counsel is that said counsel "possessed none of the cardinal requisites above held to be essential by the Supreme Court of the United States" in *Johnson* v. *Zerbst*, 304 U. S. 458, 58 S. Ct. 1019, 82 L. Ed. 1461. The petitioner alleges that these essential requisites are that said counsel shall be "competent and able" and "experienced in the conducting of a criminal case."

The petition, however, does not allege any facts which would support the opinion or conclusion therein expressed that the attorney did not possess these requisites. It does not undertake to set forth the length of time petitioner's counsel had been engaged in the practice of the law, or the number of criminal cases he had been engaged in the trial of, or any other fact which would justify a finding that he was not competent. It is elementary that a petition of this nature must allege facts and that mere

conclusions or opinions of the pleader will not suffice to make out a case. 39 C. J. S. 627.

But in any event the trial court was not called upon to inquire into the ability of counsel chosen and employed by the petitioner. In fact, such action on the part of the court, so far as the record shows, would have been an unwarranted interference with petitioner's right to be represented by counsel of his own choosing.

The petitioner asserts, in effect, that he has not been afforded capable and adequate representation by competent counsel, and that this amounts to a denial of due process of law. This is a Federal question and the views of the Supreme Court of the United States with respect thereto are controlling. There has been no express decision by that court of the question in a prosecution where the accused selected his own counsel, but the denial of a writ of *certiorari* (324 U. S. 874, 65 S. Ct. 1013, 89 L. Ed. 1427) in the case of *Andrews* v. *Robertson* (CCA 5th Circuit), 145 F. (2d) 101, is significant. In that case, although the District Court found that Andrews' counsel, on account of then existing physical condition and emotional upset, "was not able to afford the defendant any very capable representation," it, nevertheless, concluded that this did not amount to a denial of due process. That court was unable to find that such representation amounted to a nullity, but held that, Andrews' counsel having been chosen by him and permitted to represent him, the constitutional mandate was satisfied. In affirming the denial of a writ of *habeas corpus,* the opinion of the Circuit Court of Appeals said:

"We approve. In the absence of proof of such mental incapacity as flows from an unsound mind, on the part of defendant or his chosen counsel, in such circumstances, this Court cannot say that due process of law was denied defendant, or that the State Court lost jurisdiction of the case.

"The State Court has no right under the Constitution, to deny a defendant the right to counsel of his own choosing. Such Court could not be put in error for proceeding to try a defendant when he was represented by such counsel,

which is to say that that Court should not be put in error for doing that which it had no right to refuse to do, * * *." (145 F. (2d) 102).

Petitioner further claims that his counsel proceeded with the trial of his case without consulting with him, and that this constituted denial of due process. Such action, however, would, at most, merely indicate that his counsel did not exercise a high degree of professional diligence. If, by refraining from consulting with his client, counsel in a felony case could render the trial a nullity, the effect would be to impose upon the trial court the duty to inquire into and investigate the extent of the preparation of counsel chosen by defendants in the trial of every such case. No duty rests upon the court to explore this matter. No doubt there are acts of omission and commission by counsel in the conduct of many trials, both civil and criminal, which operate to the detriment of the client, but that is a risk which every litigant must take. There is nothing in the petition in this case which shows that the petitioner's case was conducted by his counsel in such a manner as to render the trial a nullity.

The petitioner also alleges that his counsel, after being retained, accepted employment from the two co-defendants, Crutchfield and Hubbard. It is further averred that petitioner testified that he had no part in the robberies, whereas Crutchfield and Hubbard testified at the trial that petitioner initiated the robberies, and, at the point of a gun, compelled them to assist him in the perpetration of the crimes. The charge is that this representation of the co-defendants constituted such misconduct on the part of his attorney as to deprive petitioner of effective representation at his trial, since his interests were in conflict with those of the co-defendants.

The petition, however, alleges no specific fact to show that he suffered any prejudice as a result of such representation. It appears from the record and exhibits that, in the indictment for the robbery of Wesley Walden, seven witnesses were sworn and sent by the court to the grand

jury to give evidence. Among these was the victim of the robbery. And it likewise appears that eight witnesses, including the victim, were sent to the grand jury in considering the indictment of T. C. Saunders. Thus the grand jury found sufficient evidence to indict the petitioner without the testimony of the co-defendants. Presumably these same witnesses were used at the trial of the case, although the record contains no information as to what transpired at that time other than the order of the court finding the three defendants guilty and fixing their punishment. It is quite obvious that the court did not place any credence in the testimony of petitioner's co-defendants that he forced them to participate in the crimes, because the same punishment was meted out to each of the three. Petitioner's exhibit with his record shows that after he was sentenced he admitted in a statement to an investigating officer of the State Department of Corrections that he and his two co-defendants were drinking together when the robbery was initiated. He claimed to the officer that he "had no part of the two robberies." But another one of petitioner's exhibits contains statements made to the officer by his co-defendants to the effect that the three were still together until "some other boys came along and told us the law was looking for three boys wearing white shirts. About fifteen minutes later we were arrested."

This trial which resulted in petitioner's conviction was had before the able and experienced judge of the Hustings Court without a jury, and we do not think it can be presumed or inferred that he was misled as to the merits of the petitioner's case by any misconduct on the part of his counsel. If said counsel showed any partiality toward any one of the three defendants, it is just as likely that he favored the petitioner over the other two. In any event, the petition discloses no facts from which it can be said that petitioner was prejudiced by the plural representation.

Petitioner relies strongly upon *Glasser* v. *United States*, 315 U. S. 60, 62 S. Ct. 457, 86 L. Ed. 680. In that case the record of the trial of Glasser and two co-defendants

in which they were found guilty of conspiracy was reviewed, not in a *habeas corpus* proceeding, but by *certiorari*. Glasser had employed counsel to defend him, but the trial court appointed and directed Glasser's counsel to represent also a co-defendant, Kretske, although Glasser's counsel pointed out to the court that evidence would be offered by the prosecution which would be admissible as to Kretske but would not be admissible as to Glasser. The Supreme Court held that Glasser was entitled to the effective assistance of counsel of his own choosing, without such counsel being required to represent a co-defendant which resulted in the impairment of his ability to properly represent Glasser. It was further held that the record affirmatively showed that Glasser was materially prejudiced thereby. The action of the District Court was held erroneous and Glasser's conviction was reversed. The court, however, refused to reverse the judgment of conviction of Kretske for the reason that the record did not show that Kretske was prejudiced by reason of the fact that he was represented by the same counsel as Glasser.

We hold, therefore, that the mere fact that counsel employed and chosen by petitioner also was retained by and represented co-defendants with conflicting interests does not compel a conclusion that the petitioner was prejudiced thereby, and certainly not to such an extent as to oust the jurisdiction of the trial court and render the proceeding therein a nullity.

The petition alleges that the petitioner was convicted upon the perjured testimony of the other co-defendants Crutchfield and Hubbard. The petitioner, however, testified at the trial. The trial judge passed upon the credibility of these three witnesses. The necessary effect of the perjury allegation is that the trial court believed the testimony of the co-defendants and rejected that of the petitioner. No after-discovered evidence is claimed to be available to show that the co-defendants testified falsely. Furthermore, there was the testimony of the victims of the robberies. Merely raising an issue of the credibility of

petitioner and the opposing witnesses does not justify issuance of a writ of *habeas corpus.*

But even if the conviction could be said to have been founded on the false testimony of the co-defendants, this alone is insufficient to render void the judgment of conviction. Such a result could follow only if it appeared that the State prosecuting officers knowingly resorted to perjured testimony to bring about petitioner's conviction. *Mooney* v. *Holohan,* 294 U. S. 103, 55 S. Ct. 340, 79 L. Ed. 791, 98 A. L. R. 406.

The judgment complained of is affirmed.

*Affirmed.*