Willie Lester **BRADLEY**, Petitioner,

v.

**C. C. PEYTON**, Superintendent, Virginia State Penitentiary, Respondent.

**Civ. A. No. 68–C–71–D.**

United States District Court
W. D. Virginia,
Danville Division.

Feb. 6, 1969.

Edward J. White, Asst. Atty. Gen., Richmond, Va., for respondent.

No attys. for petitioner.

OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes before this court on a petition for a writ of habeas corpus, filed in forma pauperis, by Willie Lester

Bradley, a state prisoner, pursuant to 28 U.S.C. § 2241. This case was originally filed in the United States District Court for the Eastern District of Virginia and was transferred to this court on December 18, 1968.

Petitioner is currently serving a sentence of forty years pursuant to a judgment of the Circuit Court of Pittsylvania County on May 20, 1963, wherein he was convicted for the crime of murder in the first degree. An additional forty years sentence, to run consecutively, was imposed for a second count of murder. Both convictions resulted after the petitioner, who was represented by court appointed counsel, entered pleas of not guilty and was tried by jury. No appeal was taken from these convictions.

█ A plenary hearing was held in the Circuit Court of Pittsylvania County on February 1, 1968, as a result of a petition for a writ of habeas corpus which the petitioner had filed in the state courts. Petitioner was represented by court appointed counsel at this hearing. After hearing the evidence, the Circuit Court denied the writ and dismissed the petition by an order dated February 7, 1968. An appeal was taken to the Virginia Supreme Court of Appeals and on October 16, 1968, the writ of error was denied and the petition for a writ of habeas corpus refused. As a result, we think that the petition is properly before this court in compliance with 28 U.S.C. § 2254, as interpreted by Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

█ Petitioner alleges generally that he received inadequate and ineffective assistance of counsel, that he did not receive a fair and impartial trial as required by the United States Constitution and that he was denied due process and equal protection of the law. There is no allegation of any particularities to explain these alleged violations of the petitioner's constitutional rights. A habeas corpus petition must allege facts and mere conclusions or opinions of the petitioner will not suffice to make out a case. Penn v. Smyth, 188 Va. 367, 49 S.E.2d 600 (1948). "General averments that petitioner is restrained in violation of the Constitution * * * or that he is illegally imprisoned without due process of law is a statement of mere conclusions and is insufficient to entitle petitioner to a writ of habeas corpus unless accompanied by specific allegations of fact showing it to be so." Marslin v. Schmucker, 89 F.2d 765 (4th Cir. 1937); Loum v. Underwood, 262 F.2d 866 (6th Cir. 1959). Thus, those allegations in the present petition which state general conclusions of law, without supporting facts, provide an insufficient basis on which to grant relief.

█ The petitioner claims that the charge of first degree murder was not proved "as laid on the face of the indictment." It is sufficient to say that this is not a proper subject for our review. Habeas corpus is not a substitute for an appeal. Grundler v. North Carolina, 283 F.2d 798 (4th Cir. 1960). The sufficiency of evidence is normally a matter of state law not involving federal constitutional issues, and it is only in circumstances impugning fundamental fairness or infringing specific constitutional protections that a federal question is presented. Faust v. State of North Carolina, 307 F.2d 869, 871 (4th Cir. 1962); Clark v. Peyton, 280 F.Supp. 205 (D.C. Va.1968). After an examination of all available records of the trial, this court finds no indication of fundamental unfairness.

█ The petitioner's final claim is that "I have never had a memorandum of my case to see what wrong I am accused of. Niether [sic] did my Court appointed counsel tell me." However, the petitioner testified on direct examination at the state habeas corpus hearing:

Q. Did you realize what you were charged with? Murder?

A. Yes, sir. Murder.

This testimony, in addition to the records that read that the petitioner was properly indicted, arraigned and entered

pleas of not guilty after consultation with his counsel, leads this court to the conclusion that the petitioner was aware of the charges against him. Hence we can find no denial of a constitutional right that would provide a basis on which to grant federal habeas corpus relief.

For the foregoing reasons the petitioner has failed to convince this court that he is entitled to any relief based upon his allegations. It is therefore adjudged and ordered that the writ be denied and the petition dismissed.

A certified copy of this opinion and judgment is to be sent to the petitioner and to the respondent.