**Billy Ronald KELLY, Petitioner,**

*v.*

**J. D. COX, Superintendent Virginia State Penitentiary, Respondent.**

**Civ. A. No. 72–C–81–D.**

United States District Court,
W. D. Virginia,
Danville Division.

Dec. 20, 1972.

---

6. These provisions were formerly codified as 29 C.F.R. § 1504.64(b) and (c).

Robert E. Shepherd, Jr., Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes before the court upon a petition for a writ of habeas corpus filed *in forma pauperis* by Billy Ronald Kelly, a state prisoner, pursuant to 28 U.S.C. § 2241. The petition was filed in the United States District Court for the Eastern District of Virginia on October 30, 1972, and by order dated October 30, 1972, was transferred to this court.

Petitioner is currently serving a two year sentence in the Virginia State Penitentiary, pursuant to a judgment of the Circuit Court of Pittsylvania County, imposed on September 20, 1969, for felonious possession of hacksaw blades. Petitioner was thereafter convicted by the same court on September 25, 1969 of statutory burglary and petty larceny and sentenced to serve two years in the Virginia State Penitentiary. Petitioner complains in his petition of the judgment rendered by the court for felonious possession of hacksaw blades.

This judgment resulted after a trial before a judge, in which the petitioner, represented by court-appointed counsel, entered a plea of guilty.

Following his conviction, petitioner, on March 10, 1970, filed a petition for a writ of habeas corpus in the Pittsylvania County Circuit Court. The court dismissed the petition in an order dated April 16, 1970. Petitioner then filed with the same court, on June 9, 1970, a notice of appeal and assignments of error to the Virginia Supreme Court. Finding no reversible error in the April 16th judgment, the Virginia Supreme Court, on April 27, 1971, denied said petition and refused said writ of error, thereby affirming the circuit court judgment.

Petitioner alleges two errors in his petition: 1) he was denied effective representation of counsel; and 2) he was improperly convicted under § 53–291 of the Code of Virginia for possession of hacksaw blades while incarcerated in a penal institution because he was not at that time a convicted felon.

Petitioner had previously raised these same issues by means of a writ of habeas corpus filed in the Circuit Court of Pittsylvania County, which was denied and dismissed, and denied on appeal to the

Virginia Supreme Court on April 27, 1971. Therefore petitioner has exhausted his available state remedies in compliance with the provisions of 28 U.S.C. § 2254.

■ Petitioner first alleges that he was denied the effective representation of counsel. However he mentions no specific instances of ineffective representation. His allegation is therefore nothing more than a broad conclusory statement and such allegations are not sufficient for habeas consideration. Bradley v. Peyton, 295 F.Supp. 636 (W.D.Va.1969). A habeas corpus petition must allege facts and mere conclusions or opinions of the petitioner will not suffice to make out a case. Bradley v. Peyton, supra at 637; Penn v. Smyth, 188 Va. 367, 49 S.E.2d 600 (1948). Therefore, petitioner's first allegations must be dismissed as being overbroad.

■ Petitioner also contends that he was improperly convicted under § 53–291 of the Code of Virginia for possession of hacksaw blades while incarcerated in a penal institution, because he was not at that time a convicted felon.

However, § 53–291 of the Code of Virginia (1950), as amended, states, in pertinent part, as follows:

It shall be unlawful for an inmate in a penal institution as defined in § 53–9 or in the custody of an employee thereof to do any of the following: . . . (4) make, procure, secrete or have in his possession any instrument, tool or other thing for the purpose of escaping from or aiding another to escape from such penal institution or person.

Section 53–9 of the Code of Virginia defines a penal institution as:

. . . Every prison, prison camp, prison farm or correctional field unit heretofore or hereafter established with funds appropriated from the State treasury, and every jail, jail-farm, lockup or other place of detention owned, maintained or operated by any political subdivision of the Commonwealth . . .

Thus, the Pittsylvania County Jail clearly falls within the definition of a penal institution, within the meaning of § 53–291, and if the petitioner was being held there properly for a prosecution, it was not necessary for him to be a convicted felon or misdemeanant for § 53–291 to apply. While being held for prosecution, he was an "inmate in a penal institution" within the meaning of the statute. Therefore, his conviction under § 53–291 for possession of hacksaw blades while an inmate in the Pittsylvania County Jail was proper.

■ In addition, petitioner pleaded guilty at his trial to possession of hacksaw blades after having the elements of the offense clearly explained to him and after having been subjected to an exhaustive inquiry by the judge as to his understanding of the nature and effect of the plea. Therefore, the petitioner cannot now attack the voluntariness of that guilty plea. When he pled guilty he assumed the risk of ordinary error in either his or his attorney's assessment of the law and facts. McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). A defendant who pleads guilty cannot claim that his bypass of state remedies was not an intelligent act absent incompetent advice by counsel. McMann v. Richardson, supra. There is no indication here that petitioner did not have a clear understanding of the nature of his plea nor is there any indication that there was incompetent advice by counsel. Therefore, petitioner's second allegation is without merit.

Accordingly, the petition for a writ of habeas corpus will be dismissed and the relief denied.