866 F.2d 1415
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
George HARGROVE, Jr., a/k/a George Hargrove Bey, Petitioner-Appellant,
v.
James JOHNSON, Warden; Attorney General of the State of
Virginia, Respondents- Appellees.
 No. 88-7704.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 30, 1988.
Decided: Jan. 27, 1989.
 
 George Hargrove, Jr., appellant pro se.
 Robert Homer Anderson, III (Office of the Attorney General of Virginia), for appellees.
 Before DONALD RUSSELL, WILKINSON and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 George Hargrove, Jr., seeks to appeal the district court's dismissal of his habeas corpus petition brought pursuant to 28 U.S.C. Sec. 2254. Our review of the record discloses that this appeal is without merit. However, we find that one of Hargrove's claims warrants further discussion.
 
 
 2
 In his initial habeas petition before the Virginia Supreme Court Hargrove asserted as one of his claims that his trial counsel was ineffective for failing to object to certain jury instructions. Hargrove set forth the instructions as they had been given by the trial court and asserted that "[t]hese two instructions allow inferences and implications to be made against the defendant ... are improper and that trial counsel was ineffective in not objecting to same." Respondents moved to dismiss this claim on the ground that it was conclusory and thus barred by the rule in Penn v. Smyth, 188 Va. 367, 49 S.E.2d 600 (1948) which states that habeas courts will not review conclusory claims. Hargrove responded to the motion by amending his petition to further clarify the basis for his claim. He stated:
 
 
 3
 Your petitioner submits that instructions five (5) and six (6) are unconstitutional. These are instructions which state that presumptions can be made and are in fact burden shifting instructions. Therefore I submit that trial counsel was ineffective in not objecting to these instructions.
 
 
 4
 The Virginia Supreme Court considered both Hargrove's initial and amended petitions, but nevertheless determined that it was precluded from reviewing the merits of this claim under the rule of Penn v. Smyth.
 
 
 5
 Clearly, there is nothing more that Hargrove could have said that would have made his claim more specific. Consequently, the claim should have been addressed on its merits. Cf. Johnson v. Muncy, 830 F.2d 508 (4th Cir.1987) (state court's finding of procedural default did not bar federal review where procedural default rule relied on by the state court was not adopted until after petitioner's conviction and direct appeal). See also Swanger v. Zimmerman, 750 F.2d 291, 296-97 (3d Cir.1984) (federal court required to make independent finding of correctness of state court's finding of procedural default); White v. Sowders, 644 F.2d 1177, 1180-81 (6th Cir.1980) (state court's incorrect finding of procedural default did not bar federal court consideration of claim), cert. denied, 454 U.S. 853 (1981); Ratcliff v. Estelle, 597 F.2d 474, 478 (5th Cir.) ("Having decided here that the state court applied its procedural default rule and did so correctly, the federal courts must abide by that decision, cause for failure to object and actual prejudice not having been shown.") (emphasis added), cert. denied, 444 U.S. 868 (1979).
 
 
 6
 Hargrove was convicted of second degree murder, a charge that requires proof of malice in Virginia. The instructions he now claims were burden shifting and objectionable both allow malice to be inferred, either from the fact of an unlawful killing or the deliberate use of a deadly weapon when used in a manner calculated to cause death.[1] Contrary to Hargrove's assertion, however, it is clear that these instructions create nothing more than permissible inferences that the jury was free to reject if it chose to do so.[2] Because the facts necessary to invoke the presumption in this case, whether it be the fact of the killing or the manner in which the deadly weapon was used, were sufficient for the jury to find malice beyond a reasonable doubt, neither instruction unconstitutionally shifted the burden of proof to Hargrove. See County Court of Ulster County v. Allen, 442 U.S. 140, 157 (1979); Barnes v. United States, 412 U.S. 837, 843 (1973). Consequently, Hargrove's claim that his attorney was ineffective for failing to object to these instructions is without merit.
 
 
 7
 Accordingly, we deny Hargrove a certificate of probable cause and dismiss his appeal. We dispense with oral argument because the facts and legal arguments are adequately presented in the material before the Court and argument would not aid in the decisional process.
 
 
 8
 DISMISSED.
 
 
 
 [1]
 The instructions read as follows:
 (5) Once the Commonwealth has proved there was an unlawful killing, then you are entitled to infer there was malice and that the act was murder in the second degree unless, from all the evidence, you have a reasonable doubt as to whether malice existed.
 (6) In the absence of proof to the contrary, malice may be implied from the deliberate use of a deadly weapon, when used in a manner calculated to take the life of another human being.
 
 
 [2]
 Several other instructions informed the jury that the state carried the burden of proving malice beyond a reasonable doubt