925 F.2d 1457
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Stedson A. LINKOUS, Petitioner-Appellant,
v.
Larry W. HUFFMAN, Mary Sue Terry, Respondents-Appellees.
 No. 89-6794.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 8, 1991.
Decided Feb. 19, 1991.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, Chief District Judge. (CA-88-379-R)
 Stedson A. Linkous, appellant pro se.
 Katherine Baldwin Toone, Office of the Attorney General of Virginia, Richmond, Va., for appellees.
 W.D.Va.
 AFFIRMED AS MODIFIED IN PART AND VACATED AND REMANDED IN PART.
 Before PHILLIPS, MURNAGHAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Stedson Linkous is incarcerated pursuant to convictions for robbery and malicious wounding. In this action, he appeals the district court's dismissal without prejudice of his 28 U.S.C. Sec. 2254 petition because it contained both exhausted and unexhausted claims. See Rose v. Lundy, 455 U.S. 509 (1982). We agree with Linkous' contention that it would be futile to return to state court to present those claims not raised in his first state habeas petition. See Teague v. Lane, 489 U.S. 288, 297-99 (1989); Va.Code Sec. 801-654(b)(2). Accordingly, the claims advanced in Linkous' Sec. 2254 petition are deemed exhausted. We remand nine of Linkous' ten claims to the district court for further consideration, eight for disposition on the merits and one for application of a procedural bar. Dismissal of the remaining claim is affirmed on other grounds.
 
 
 2
 In Ground One of the Sec. 2254 petition, Linkous asserted that counsel was ineffective because he did not challenge the alleged perjury of Carlton "Mountain Dew" Payne. The Virginia Supreme Court determined that this ground, presented as claims (f) and (n) in the state habeas petition, lacked merit.[1] This claim is accordingly remanded for a determination of its merits.
 
 
 3
 In Ground Two of the federal petition, Linkous asserted that counsel was ineffective because he did not challenge either the prejudice of the trial judge or the deal that the prosecution allegedly made with Payne. Because the claim was not presented to the state courts as an ineffective assistance claim it is procedurally barred unless on remand Linkous can show cause and prejudice excusing his failure to present the claim in his first state habeas petition, or actual innocence. Bassette v. Thompson, 915 F.2d 932, 936-37 (4th Cir.1990).
 
 
 4
 In Grounds Three and Nine, Linkous alleged that counsel was ineffective for not seeking discovery or conducting pretrial investigations. In Ground Eight, Linkous asserted that because a handicapped victim was not present at trial, he was denied his constitutional right to confront a witness against him and that counsel was ineffective for not objecting to the victim's absence. The claims presented in Grounds Three, Eight, and Nine were found to lack merit by the Supreme Court of Virginia. The district court should address the merits on remand.
 
 
 5
 In Grounds Four and Five, Linkous contended that a woman told investigators that she heard Payne and a man other than Linkous discuss their having committed the crimes. Investigators compiled a report containing this information. Although the prosecutor received the report, he allegedly concealed this exculpatory evidence.[2] In Ground Seven, Linkous challenged counsel's performance both on appeal and in connection with a motion for new trial in state court. All these grounds were presented in state court and found to be without merit. On remand, the district court should address the merits of the claims.
 
 
 6
 The Virginia Supreme Court applied the rule of Penn v. Smyth, 188 Va. 367, 49 S.E.2d 600 (1948), to state claims (y) and (ii), in which Linkous asserted that counsel's relationship with the Lynn family constituted a conflict of interest. However, the court decided on the merits Linkous' Claim (1), in which he asserted that his attorney's friendship with the Lynn family caused him to perform ineffectively at trial. Ground Six of the Sec. 2254 petition raises this conflict of interest.[3] On remand, the merits of the claim should be addressed.
 
 
 7
 In Ground Ten, Linkous asserted that a court clerk and the trial judge had denied him transcripts of opening and closing arguments. He made no allegation that this denial affected his state appeal. This is a state matter not cognizable in a Sec. 2254 action and will therefore not be remanded.
 
 
 8
 To summarize, on remand, the merits of Grounds One and Three through Nine should be addressed; the application of a procedural bar to Ground Two should also be addressed. Ground Ten is dismissed as not raising a cognizable claim. As our review of the record and other materials before us reveals that it would not aid the decisional process, we dispense with oral argument. A certificate of probable cause to appeal is granted.
 
 
 9
 AFFIRMED AS MODIFIED IN PART AND VACATED AND REMANDED IN PART.
 
 
 
 [1]
 The assertion concerning the victims' testimony contradicting that of Payne is best viewed, we find, as being subsumed under the allegation that counsel did not attack Payne's perjury. It is obvious that Linkous felt that counsel's attack should have included his emphasizing the discrepancies between the victims' and Payne's testimony
 
 
 [2]
 While labeled ineffective assistance, counsel's performance was not mentioned in the text of Grounds Four and Five. Thus, we find that these grounds should not be construed as claiming ineffective assistance but rather as challenges to the prosecutor's handling of the report
 
 
 [3]
 The allegation was that counsel's relationship was with the family of Carlton Payne. There was no other reference in the record to Payne's family. There were several claims of a relationship with the Lynns. We believe that Linkous meant to refer to the Lynns in Ground Six