960 F.2d 145
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Albert Russell CLAY, JR., Petitioner-Appellant,
v.
Edward W. MURRAY, Director of the Virginia Department of
Corrections, Respondent-Appellee.
 No. 91-6269.
 United States Court of Appeals,
Fourth Circuit.
 Argued: April 8, 1992
Decided: April 27, 1992
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.
 Argued: Merle Miller DeLancey, DICKSTEIN, SHAPIRO & MORIN, Washington, D.C., for Appellant.
 Linwood Theodore Wells, Jr., Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL, Richmond, Virginia, for Appellee.
 On Brief: Laura H. Hamilton, DICKSTEIN, SHAPIRO & MORIN, Washington, D.C., for Appellant.
 Mary Sue Terry, Attorney General of Virginia, OFFICE OF THE ATTORNEY GENERAL, Richmond, Virginia, for Appellee.
 E.D.Va.
 VACATED AND REMANDED.
 Before RUSSELL and WIDENER, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Petitioner, Albert Russell Clay, appeals the dismissal of two counts of his petition for habeas corpus by the district court on grounds of procedural default in the state courts. The Virginia Supreme Court had previously dismissed these counts of Clay's state collateral petition under the rule of Penn v. Smyth, 49 S.E.2d 600 (Va. 1948), which requires fact pleading in a habeas petition. Because Clay had not supported his allegations on collateral appeal with a sufficient factual basis, the Virginia Court dismissed the appeal without a review on the merits and without affording Clay an opportunity to amend his petition.
 
 
 2
 We are of the opinion that the ground of defense stated by the Commonwealth may be an independent state ground but one not adequate under federal habeas law to warrant dismissal. See Coleman v. Thompson, 111 S. Ct. 2546, 2565 (1991) (state procedural default based on independent and adequate state rules will bar federal habeas review). A state procedural ground is adequate only where it serves legitimate state interests. Wainwright v. Sykes, 433 U.S. 72, 83 n.8 (1977). We do not find any substantial or legitimate state interest in denying a petitioner the opportunity to replead with more particularity his motion. Therefore, we vacate the order of the district court dismissing the petition and remand the case to the district court for consideration on the merits of Clay's petition. We are further of the opinion, as stated in the magistrate's report, that Clay has complied with the requirements of Rose v. Lundy, 455 U.S. 509 (1982), by exhausting the remainder of the issues contained in his petition.
 
 VACATED AND REMANDED