983 F.2d 1056
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Barry Neil HOUCHENS, Petitioner-Appellant,
v.
David K. SMITH, Warden, Respondent-Appellee.
 No. 92-6534.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: November 6, 1992
Decided: December 31, 1992
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, Chief District Judge. (CA-91-661-R)
 Barry Neil Houchens, Appellant Pro Se.
 John H. McLees, Jr., Office of the Attorney General of Virginia, Richmond, Virginia, for Appellee.
 W.D.Va.
 Dismissed.
 Before HALL and NIEMEYER, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Barry Neil Houchens is a Virginia inmate who is serving two life sentences and a twenty-year sentence he received after he entered guilty pleas in 1984 to two counts of murder, one count of malicious wounding, and three counts of using or displaying firearms in the commission of felonies. In December 1985, Houchens filed a petition for habeas corpus relief in the Virginia Supreme Court. He alleged in the petition that:
 
 
 2
 (1)The trial judge was not interested in hearing the evidence;
 
 
 3
 (2)The trial judge "had made up his mind before I was tried and before he had read my presentence report";
 
 
 4
 (3)His attorney did not do the "best job" in representing him.
 
 
 5
 In dismissing the entire petition, the Virginia Supreme Court applied the rule in Penn v. Smyth, 49 S.E.2d 600 (Va. 1948), which holds that a habeas corpus petition must allege facts, not mere conclusions or opinions of the pleader, and the rule that an accused who enters a voluntary guilty plea waives challenges to non-jurisdictional defects. Peyton v. King, 169 S.E.2d 569 (Va. 1969).
 
 
 6
 Houchens filed a second petition for habeas corpus in the Virginia Supreme Court in October 1990 in which he alleged the following claims:
 
 
 7
 (1)That his convictions violated double jeopardy principles;
 
 
 8
 (2)That he was denied effective assistance of counsel because his attorney:
 
 
 9
 (a)failed to defend him adequately;
 
 
 10
 (b)did not advise him properly;
 
 
 11
 (c)advised him to plead guilty to an offense he did not commit;
 
 
 12
 (d)failed to try the case by jury as requested;
 
 
 13
 and
 
 
 14
 (e)abandoned an insanity plea.
 
 
 15
 (3)That his plea was involuntary and that he did not understand the nature of the charges and the consequences of his plea; and
 
 
 16
 (4)That he was legally insane at the time of the offense.
 
 
 17
 The Virginia Supreme Court dismissed the petition based on Va. Code Ann. § 8.01-654(B)(2) (Michie 1984); under that statute, failure to include in a first state habeas petition allegations, the facts of which were known to the petitioner when he filed his first petition, precludes relief on that allegation in a later state petition.
 
 
 18
 In October 1991, Houchens filed a § 2254 petition in the federal district court in which he alleged claims which, in large part, were identical to claims he had asserted in his prior state habeas corpus petitions. Houchens also raised two new claims, alleging that his attorney was ineffective because he "failed to subject the prosecution's case to a meaningful adversary testing" and because he "failed to instruct petitioner regarding trial by jury." After notifying Houchens of Smith's motion for summary judgment and giving Houchens an opportunity to respond, the court granted summary judgment to Smith on the grounds that Houchens's claims were procedurally barred and he had not demonstrated cause and prejudice for his default. Houchens noted a timely appeal. For the reasons discussed below, we deny Houchens a certificate of probable cause to appeal.
 
 
 19
 Houchens first raised in his second habeas corpus petition in state court claims that his convictions violated principles of double jeopardy, that his guilty plea was involuntary and unknowing, and that he was insane at the time of the offense. Because Houchens could have raised these claims in his first state habeas petition, but did not, the Virginia Supreme Court found a procedural default. Thus, the district court correctly held that federal review of these claims is barred absent a showing of cause and prejudice. Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990), cert. denied, 59 U.S.L.W. 3724 (U.S. 1991).
 
 
 20
 Houchens asserts that his default should be excused because he could not read when he filed his first habeas petition and because he had trouble obtaining documents from his attorney. Neither of these claims, however, shows that Houchens was not aware of the facts underlying these claims at the time of his first habeas petition. Therefore, the district court properly held that these claims were barred from federal review.
 
 
 21
 Houchens asserted a vague ineffective assistance claim in his first state habeas corpus petition and attempted to particularize his allegations in his second petition. Although the Virginia Supreme Court found a procedural bar based on section 8.01-654(B)(2), we find that application of that bar in this case is not an adequate state ground to preclude federal review. See Coleman v. Thompson, 111 S. Ct. 2546, 2565 (1991). A state procedural ground is adequate only if it serves legitimate state interests. Wainwright v. Sykes, 433 U.S. 72, 83 n.8 (1977). Because Houchens was not given an opportunity to replead his ineffective assistance claim in his first habeas petition with more particularity, we do not find any legitimate state interest in denying Houchens's attempt to particularize his claim in his second habeas petition.
 
 
 22
 Nonetheless, we find that Houchens's ineffective assistance claims are without merit. His claims are either conclusory or refuted by his assertions at the plea colloquy. See Via v. Superintendent, Powahatan Correctional Ctr., 643 F.2d 167 (4th Cir. 1981).
 
 
 23
 Therefore, for the reasons stated, we deny a certificate of probable cause and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented and argument would not aid the decisional process.
 
 DISMISSED