998 F.2d 1009
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Frank Lathen HINTON, Petitioner-Appellant,
v.
Edward W. MURRAY, Director of the Virginia Department of
Corrections, Respondent-Appellee.
 No. 93-6150.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: July 6, 1993.
Decided: July 27, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.
 Frank Lathen Hinton, Appellant Pro Se.
 Thomas Drummond Bagwell, Assistant Attorney General, for Appellee.
 E.D.Va.
 DISMISSED.
 Before HALL and PHILLIPS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Frank Lathen Hinton appeals from a district court order that adopted the report and recommendation of a magistrate judge and dismissed his 28 U.S.C. § 2254 (1988) petition. For the reasons discussed below, we deny Hinton a certificate of probable cause to appeal and dismiss his appeal.
 
 
 2
 Hinton is serving a sentence in Virginia prisons pursuant to a plea agreement in which he pled guilty to three counts of malicious wounding and one count of felonious indecent exposure. He received a total sentence of sixteen years with eleven years suspended. Hinton has since filed three petitions for habeas corpus relief in Virginia courts. The Virginia Supreme Court denied the first petition under the rule of Penn v. Smyth, 49 S.E.2d 600 (Va. 1948). The court dismissed the other two petitions under Va. Code Ann. § 8.01-654(B)(2) (Michie 1992), which bars consideration of a claim, the facts of which were known to the petitioner at the time he filed a previous petition.
 
 
 3
 Hinton first asserts that his guilty plea was involuntary. The Virginia Supreme Court found that this claim was barred under Penn because Hinton failed to allege any facts to support the claim. The court denied the claim again under section 8.01-654(B)(2) when Hinton asserted it in a second petition. We find application of that bar in this instance is not an adequate state ground to preclude federal review. See Coleman v. Thompson, 59 U.S.L.W. 4789 (U.S. 1991). A state procedural ground is adequate only if it serves legitimate state interests. Wainwright v. Sykes, 433 U.S. 72, 83 n.8 (1977). Because Hinton was not given an opportunity to replead his claim concerning his guilty plea in his first habeas petition with more particularity, we do not find a legitimate state interest in denying Hinton's attempt to particularize his claim in his subsequent petition.
 
 
 4
 Nonetheless, we find that Hinton's claim concerning the voluntariness of his guilty plea is meritless since the transcript of his guilty plea hearing discloses that his plea was intelligently and voluntarily entered. See Via v. Superintendent, Powhatan Correction Ctr., 643 F.2d 167 (4th Cir. 1981); United States v. DeFusco, 949 F.2d 114 (4th Cir. 1991) (defendant's statements at plea hearing are "strong evidence" of voluntariness), cert. denied, 60 U.S.L.W. 3717 (U.S. 1992).
 
 
 5
 Hinton next alleges that his conviction was obtained by "coercion." If this claim is construed to assert that his conviction was obtained through the use of a coerced confession, the claim is barred because he raised it in one of the petitions that the Virginia Supreme Court held was barred under section 8.01-654(B)(2), and this finding bars federal review absent a showing of cause and prejudice. Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990), cert. denied, 59 U.S.L.W. 3724 (U.S. 1991). Hinton fails to establish cause and prejudice for his default. If the claim is construed to assert a new claim, it is still barred under section 8.01-654(B)(2) because Hinton did not raise it in his first petition. Id. at 937.
 
 
 6
 Hinton next alleges that the prosecution failed to disclose evidence favorable to the defense, that he received ineffective assistance of counsel, and that he was denied his appeal. The Virginia Supreme Court found all of these claims barred under section 8.01-654(B)(2); since Hinton fails to demonstrate cause and prejudice, they are barred in federal court as well under Bassette .
 
 
 7
 We therefore deny a certificate of probable cause to appeal and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 DISMISSED