**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 96-6311**

---

KEITH TYRONE JOHNSON,

Petitioner - Appellant,

versus

WARDEN, NOTTOWAY CORRECTIONAL CENTER,

Respondent - Appellee.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, District Judge. (CA-95-577-3)

---

Submitted:  July 23, 1996                  Decided:  July 31, 1996

---

Before WIDENER, NIEMEYER, and MICHAEL, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

Keith Tyrone Johnson, Appellant Pro Se.  John H. McLees, Jr., OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Appellant seeks to appeal the district court's order denying relief on his petition brought under 28 U.S.C. § 2254 (1988), as amended by Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1217. We have reviewed the record and the district court's opinion and find no error as to all but one of Appellant's claims. Accordingly, we deny a certificate of probable cause to appeal as to these claims; to the extent that a certificate of appealability is required, we deny such a certificate. We dismiss all but one of Appellant's claims on the reasoning of the district court. Johnson v. Warden, Nottoway, No. CA-95-577-3 (E.D. Va. Feb. 14, 1996).

The remaining claim alleged that Appellant was denied effective assistance of counsel because his trial attorney failed to have closing arguments transcribed and therefore may have impeded his ability to bring a sufficiency of the evidence claim under Virginia law. The Supreme Court of Virginia barred this claim under Penn v. Smyth, 49 S.E.2d 600 (Va. 1948), which requires that petitions allege facts and not mere conclusions or opinions. Because Appellant was not afforded the opportunity to particularize his conclusory claim in state court, we reviewed the merits of the claim.

We find, however, that a review on the merits does not entitle Appellant to the relief he seeks. Taking the testimony presented at trial in the light most favorable to the Government, a reasonable fact finder could find Appellant guilty beyond a reasonable doubt.

2

See Jackson v. Virginia, 443 U.S. 307, 319 (1979) (providing standard for a sufficiency of the evidence challenge). Accordingly, Appellant has not demonstrated that his attorney's failure to ensure transcription of the closing arguments resulted in any prejudice. See Strickland v. Washington, 466 U.S. 668 (1984) (providing standard for ineffective assistance of counsel claim). Having thus disposed of all claims raised by the Appellant, we deny a certificate of probable cause to appeal or, to the extent that one is required, a certificate of appealability, and dismiss. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED